ROELKER ET AL. *v.* THE ST. LOUIS AND SOUTH-EASTERN RAILWAY COMPANY.

INJUNCTION.—*Railroad.*—*Track on Street.*—A complaint against a railroad company, alleging that the plaintiffs are owners of lots abutting on a certain street in a city, that the defendant has taken possession of said street in front of said lots, and has laid down its track thereon and used the same, but not alleging that the defendant intends or threatens to continue such use, to the injury of the plaintiffs, or at all, does not show a good ground for an injunction to prevent the defendant from continuing to maintain and use such railway.

From the Spencer Circuit Court.

*J. S. Buchanan, H. C. Gooding,* and *C. Buchanan,* for appellants.

*A. Iglehart* and *J. E. Iglehart,* for appellee.

Downey, J.—Suit by the appellants, about seventy-five in number, against the appellee. The object and prayer of the complaint is for an injunction against the appellee, to prevent the appellee from continuing to maintain and use a steam railway along certain streets in the city of Evansville, on which streets the appellants are owners of abutting real estate. The case was commenced in Vanderburgh, and the venue changed to Spencer county.

The defendant answered, claiming the right to so appropriate and use the street, under a grant from the common council of the city.

A demurrer to the answer was filed by the plaintiffs, and overruled by the court; and, after a reply and demurrer thereto sustained, there was judgment for the defendant.

The errors relied upon for a reversal of the judgment are the rulings of the court on the demurrer to the answer, and that to the reply.

There is another alleged error, that is, the sustaining of the motion to strike out part of the complaint. In the view which we have taken of the case, this last assignment need not be considered.

Upon the other questions, we think no error was committed, for the reason that, in our opinion, it is not sufficiently alleged and shown in the complaint that there is any good ground for injunctive relief. This kind of relief is most frequently preventive in its character, and therefore acts already done do not, as a general rule, authorize an injunction.

It is shown by the complaint, that the company took possession of the street in front of the property of the plaintiffs, laid down its track thereon and used the same, but it is not alleged that the company intends or threatens to continue such use, to the injury of the plaintiffs, or that they intend or threaten to use it at all. This precise point, and other points arising

in this case, were decided in the case of *Cox* v. *The Louisville, etc., R. R. Co.*, 48 Ind. 178. See, also, *McGoldrick* v. *Slevin*, 43 Ind. 522; High Injunc., secs. 1 and 2, and notes.

The plaintiffs must have a good complaint to stand upon, to enable them to demur successfully to the answer of the defendant.

The judgment is affirmed, with costs.

Opinion filed November term, 1874; petition for a rehearing overruled May term, 1875.