Chicago and Calumet Terminal Ry. Co. *v.* Whiting, etc., St. Ry. Co.

No. 17,059.

## THE CHICAGO AND CALUMET TERMINAL RAILWAY COMPANY *v.* THE WHITING, HAMMOND AND EAST CHICAGO STREET RAILWAY COMPANY.

INJUNCTION.—*Right of Street Railroad to Cross Steam Railroad at Street Crossing.*—*Street Railroad's Right Founded on Public Easement.*—*Subject to no Conditions Other than those Placed on the General Public.*—Since it is the settled law of this State that a street railway is not an additional burden to that of the easement which the general public has in the street, and that the street railway company's right to use the street is founded on that easement, it must be held that the right of a street railway to cross over the tracks of a steam railway laid on such street is subject to no conditions other than those to which the general public is subject in traveling over such streets. Hence, it is not error to enjoin a steam railway company from interfering with a street railway company where the latter is proceeding to construct a proper crossing at its own expense. And the same principle applies where the crossing is in a public highway not a street.

From the Lake Circuit Court.

*E. D. Crumpacker* and *H. S. Boutell,* for appellant.

*W. Olds* and *C. F. Griffin,* for appellee.

McCABE, J.—This is an appeal from an interlocutory order granting a temporary injunction against the appellant interfering with or preventing the appellee from laying its railway connections over and across the roadbed and right of way of said appellant at the points where the tracks of appellee intersect the tracks of appellant, at the points where appellant's tracks and railway cross the following streets, namely, Hohman street, Gostlin street, and Oak street, in the city of Hammond, Ind.; Forsyth avenue, in the city of East Chicago, Ind., and Indiana Boulevard, a public highway nearly south of Whiting, Ind., where the tracks of appellee would, if connected, cross the said tracks of appellant.

It is assigned for error that the complaint does not state sufficient facts, and that the court erred in granting the temporary injunction.

It appears from the complaint, that the appellee is a corporation organized under the laws of this State providing for the incorporation of street railway companies (2 Burns R. S. 1894, sections 5450 to 5465; R. S. 1881, sections 4143 to 4155), and that in the year 1893 it secured from the mayor and common council of the city of Hammond, Indiana, by ordinance duly enacted, a franchise permitting it to use certain streets in said city, among which are the streets already named, for the purpose of constructing thereon a street railway to be operated by electricity, with all the necessary appliances; that in said year last named the appellee also secured from the city of East Chicago, Indiana, then an incorporated town, and since incorporated as a city, by ordinance duly enacted, a franchise granting to appellee the right and privilege to use certain streets in said town, among them being Forsyth avenue, above named, for the purpose of constructing thereon its said electric street railway; that in the same year it secured from the board of commissioners of Lake county, in said State, by orders duly adopted, a franchise and license granting it the right to use certain public highways of said county, among which is Indiana boulevard, for the purpose of constructing, maintaining and operating thereon its said electric street railway, all of which licenses and franchises were duly accepted by appellee, and it gave bond in the sum of $10,000 to each of said municipal corporations, conditioned that it would save them harmless on account of any negligence of appellee in the construction or operation of its said street railway; that the purpose of appellee, and the purpose of its corporation was, and is, the construction and operation of an electric street

MAY TERM, 1894. 299

Chicago and Calumet Terminal Ry. Co. *v.* Whiting, etc., St. Ry. Co.

railway in the said town, now city, of East Chicago, and through the said city of Hammond, Indiana, over certain public highways of the said county of Lake to and through the village of Whiting, in said county, and thence over certain public highways, the right to use which had been granted by the said board of commissioners, as before stated, to the State line between the States of Indiana and Illinois, at a point on the said Indiana boulevard near the village of Roby; that it has constructed its said street railway, with all its attachments and appurtenances, with the exception of certain railroad crossings at points where its said line of railway crosses the tracks of steam railroad companies upon said public highways hereinafter mentioned; that it has been, and now is, operating all that portion of its said railway in the city of Hammond lying south of the Michigan Central railroad tracks in said city, being about two miles in length, and its entire line is completed from the Michigan Central railroad tracks, in said city of Hammond, to and through the said city of East Chicago, with the exception of the railroad crossings before mentioned; that the appellant is a corporation operating by steam power a line of railway from the city of Chicago, Illinois, into said county of Lake, in the State of Indiana, passing through said city of Hammond, the said city of East Chicago and the said village of Whiting; that the railroad tracks of said appellant cross the said Hohman street, Gostlin street, and Oak street, in said city of Hammond, and the said Forsyth avenue, in the city of East Chicago, as nearly as may be at right angles, and the said Indiana boulevard at a point near and south of the said village of Whiting in a direction nearly if not quite at right angles; that the tracks of said street railway are laid upon, along and lengthwise with the said streets and public highways aforesaid, and when completed, by the

construction of connections or crossings over the tracks of said appellant, it will cross the said appellant's railway tracks at all points where they cross the said streets and public highways; that appellant had refused to permit the said street railway company to connect its said railway tracks by constructing proper railroad crossings and connections where the tracks of appellee cross the tracks of appellant as aforesaid, unless appellee will enter into a contract with appellant agreeing to certain requirements demanded by appellant covering the expense of maintaining gates and flagmen at said points, and the future construction by appellee, at its own expense, of certain devices commonly known as interlocking switches which may in future be demanded, and will, unless restrained, prevent by force the construction of said crossings, and has threatened to, and will, tear up and remove by force any crossings or connections at said points across its said railway tracks which appellee may succeed in constructing thereat; that by force appellant has made it impossible for appellee to operate its said street railway between the said city of Hammond and the said city of East Chicago, and appellee can not so operate its said street railway to connect any of said cities or villages aforesaid until said tracks are connected and crossings laid over the tracks of appellant at the points aforesaid; that appellee has a large force of men ready to construct and lay the said crossings, and is now ready and waiting to operate its said road except the laying of the said tracks across the appellant's tracks; that in the connection of its said railway tracks and the laying of said crossings aforesaid, appellee does not propose, nor has it proposed, desired or intended to in any manner attach or fasten the same or lay the same upon or against any of the railway tracks of said appellant without its consent, but it desires to and will, if protected by a restraining

order, lay its said tracks up to the rails of said appellant, and between the same at right angles, therewith forming what is known as "a jump crossing;" that such crossings are in common use by street railway companies; that it will in no manner interfere with, retard or endanger the running of trains by said appellant, nor will they in any manner interfere with or restrict its use of said property or lessen the value thereof. Prayer that the appellant be restrained from doing the acts complained of until the further order of the court, and on the final hearing that appellant be perpetually enjoined.

It is the settled law of this State that the public takes only an easement in the streets of a city or town, and if a steam railroad company lays its tracks upon such streets the abutting owner of the fee whose title extends to the center of the street is entitled to recover damages. *Terre Haute, etc., R. R. Co.* v. *Scott,* 74 Ind. 29; *Eichels* v. *Evansville St. R. W. Co.,* 78 Ind. 261; *Cox* v. *Louisville, etc., R. R. Co.,* 48 Ind. 178; *Sharpe* v. *St. Louis, etc., R. W. Co.* 49 Ind. 296; *Ross* v. *Faust,* 54 Ind. 471; *Nelson* v. *Fleming,* 56 Ind. 310; *Anderson, etc., R. R. Co.* v. *Kernodle,* 54 Ind. 314; *Roelker* v. *St. Louis, etc., R. W. Co.* 50 Ind. 127. The basis upon which this rule rests is that the appropriation of the soil over which a street passes for the construction, operation, and maintenance of a steam railway is a new or additional appropriation to that of the easement granted to the public which entitles the abutting owner to such damages as he may sustain thereby. *Cox* v. *Louisville, etc., R. R. Co., supra.*

It follows from this that the steam railway which obtains a right of way over a street, and constructs its railway thereon, obtains something more than an easement, it obtains property rights in such right of way subject only to the right of the public to travel over the

street. And the question here presented by challenging the sufficiency of the complaint is whether the same rule applies to street railways, that is, whether the appropriation of a street to the use of a street railway is a new and an additional appropriation, a new and additional burden to that of the easement of the public generally. It is conceded by the appellant that a street railroad is not an additional burden upon the fee in the street, although appellant claims that strong reasons exist against the doctrine. It is conceded, however, that the courts have quite generally held that such use of a street is not an additional burden; that it is simply an extended use of the right which the public acquired in the first instance.

This concession we think admits that the appellant has no cause to complain of the action of the circuit court.

The writer of this opinion seriously doubts the soundness of the rule thus conceded by the appellant. It is true street railway corporations as a component part of the general public have a right to the use of the public streets of a city or town for the purposes of ordinary travel over them in the same way that any other portion of the general public may enjoy that right. But when they obtain a right of way over such streets to lay down their tracks on such streets they obtain and secure a right and an interest in the street that the general public does not, and can not, have and enjoy. They obtain to all intents and purposes as much a property right in their right of way in the street attached to the soil as the steam railway laid on such streets. This is so because such companies are authorized to mortgage their corporate property and franchises to secure the payment of loans of money to the corporation. Such power necessarily carries with it power to sell such property and

franchises at sheriff's sale to make the money.  2 Burns R. S. 1894, section 5473.  *New Orleans, etc., R. R. Co.* v. *Delamore*, 114 U. S. 501.  How such a right can constitute nothing more than the easement the public has in the street, it is difficult to understand.  If the location and operation of a street railway on a public street is no new nor additional burden on the soil, but rests on the easement the public has in the street, then it seems to the writer the company need not obtain any license permit or franchise from the municipal authorities to construct its tracks in the public streets of a city.  And yet it is the settled law in this and other States that a street railway can not be laid upon the streets of a town or city without a grant of a license or franchise therefor, either by the municipality or the Legislature.  *Indianapolis Cable Street R. R. Co.* v. *Citizens' St. R. R. Co.*, 127 Ind. 369;  23 Am. and Eng. Encyc. of Law 946, 947, and authorities there cited.  No other part of the public is required to obtain a license or franchise to use or enjoy the easement of the street.

The very fact that a franchise is required to authorize and justify a street railway company to lay down its tracks on a public street, seems to the writer a sufficient reason for saying that such was not one of the uses in contemplation when the street was opened and dedicated.  Besides, it is settled law that the street railway company, when once its track is constructed on a street, has rights over that part of the street where its track is located superior to those of the public who enjoy only the easement in the street.  For instance the public must turn off the street railway track when met by the street railway cars. 23 Am. and Eng. Encyc. of Law 990, 991, and authorities there cited.

But the overwhelming weight of authority seems to settle the law, both in this State and elsewhere, that a

304     SUPREME COURT OF INDIANA,

Chicago and Calumet Terminal Ry. Co. *v.* Whiting, etc., St. Ry. Co.

street railway is not an additional burden to that of the general easement in the street, and that the owners of the fee are not entitled to damages on account of the construction thereof on a public street. *Eichels* v. *Evansville St. R. W. Co.*, *supra; Indianapolis Cable St. R. R. Co.* v. *Citizens St. R. R. Co.*, *supra; Elliott* v. *Fair Haven, etc., R. R. Co.*, 32 Conn. 356; *Hinchman* v. *Paterson Horse R. R. Co.*, 17 N. J. Eq. 75; *Jersey City, etc., R. R. Co.* v. *Jersey City, etc., Horse R. R. Co.*, 20 N. J. Eq. 61; *Cincinnati, etc., St. R. W. Co.* v. *Cumminsville*, 14 Ohio St. 523; *Hobart* v. *Milwaukee City R. R. Co.*, 27 Wis. 194; *Attorney-General* v. *Metropolitan R. R. Co.*, 125 Mass. 515; *Brown* v. *Duplessis*, 14 La. Ann. 842; *Savannah and Thunderbolt R. R. Co.* v. *Mayor, etc.*, 45 Ga. 602; *Peddicord* v. *Baltimore, etc., R. W. Co.*, 34 Md. 463; 23 Am. & Eng. Encyc. of Law, 954, 955, 956 and 957, and authorities there cited.

These authorities, and others that might be cited, so firmly settle the rule that it could not now be departed from without serious disturbance of vested property rights. The use of the street by the appellant is subject to the easement in the public and the burden of keeping the street crossing over its tracks in such a condition as not to impede or obstruct the public easement and use of the street by the public generally is a burden already resting on the appellant. That burden is in no way to be added to or increased by the crossings appellee proposes to construct. So long, therefore, as it is the settled law of this State that a street railway is not an additional burden to that of the easement which the general public has in the street, and that the street railway company's right to use the street is founded on that easement, that long it must be held that the right of such street railway to cross over the tracks of a steam railway laid on such street is subject to no conditions other than those to

which the general public is subject in traveling over such streets. When the steam railway company obtained its right of way over and along a public street it does so subject to the right of the general public to use such street and the street crossings over its tracks; and it is generally incumbent on such steam railway company to make such crossings as passable for the general public as they were before the construction of their tracks thereon. The duty, therefore, is incumbent on the steam railway company only to make the crossing as passable as it was before the construction of its tracks thereon for the public generally, or as nearly so as practicable. That does not impose the burden of providing cross rails and tracks for the street railway to make the crossing. But the street railway is proposing to furnish all that itself, and to be to all the expense of making the crossing and connection.

Appellant contends that this will be a burden and a hindrance to the free and unobstructed use of the appellant's steam railway, which, it is claimed, is a taking of private property without just compensation in violation of the constitution. True, it is a hindrance and an obstruction to the use of appellant's steam railway. But, having obtained its right of way subject to the burden of the easement in the public generally, and the street railway being entitled to the use of that easement, all the rights appellant obtained in the street for its steam railway were subject to the right of the street railway to use the street. In short, the appellant's rights obtained in the use of the streets for its steam railway were subject to the burden of the appellee's use thereof in the ordinary and proper manner for its street railway.

The complaint shows that appellee was only proposing to use the streets at the crossings in the ordinary

and in a proper manner for the construction of street railway crossings, and that it had been hindered and obstructed therein by the appellant in the use of force. It would, therefore, not be a taking of private property without just compensation, because it does not propose to take from appellant anything it ever owned. It never owned its right of way over and across the streets named free from the burden of the public easement, a part of which belongs to the appellee, the street railway. The conclusion we reach is not in conflict with the case of *Indianapolis, etc., Gravel Road Co.* v. *Belt R. W. Co.*, 110 Ind. 5, cited and relied on by the appellant.

In that case the gravel road company was a private corporation and the owner of the gravel road before the construction of the Belt Railway. The property of the gravel road company was not acquired subject to any easement in the public, or any one else, to construct a railroad across its gravel road. It was there held very properly that while the statute confers upon railroad companies the power to cross highways, and to do so without the payment of compensation so far as the public is concerned, yet that a gravel road company owning its road owns it as anybody else owns his property, and that private property can not be taken by any one without just compensation, nor, except in case of the State, without such compensation first assessed and tendered. Article 1, section 21, Constitution of Indiana. And it was there further held that the building of a railroad across such gravel road would be a taking of private property within the meaning of the section of the constitution referred to, on the ground that it was an incumbrance on the property. Manifestly that case has no application here because the gravel road company acquired its property in the gravel road, not subject to, but free from any easement or incumbrance of any kind whatever. Not

so with the appellant, the steam railway company, in the case now before us.  As we have already seen, it acquired its rights subject to the easement and incumbrance against which it admits by its assignment of error it has made forcible resistance.

The same principle applies to the crossing over appellant's tracks, where they cross Indiana boulevard, a public highway of the county.  The statute provides that the county board may grant the right or privilege to a street railway company to use any public highway of the county for its street railway.  2 R. S. 1894, sections 5465 to 5468; R. S. 1881, sections 4155 to 4158.

The right to pass over the highway by the steam railway is subject to the easement of the public, a part of which is owned and enjoyed by the street railway.

We are, therefore, of opinion that the complaint stated facts sufficient to constitute a cause of action, and that the circuit court did not err in granting the temporary injunction.  Therefore, the interlocutory order granting the same is affirmed.

Filed Nov. 13, 1894.