[This case was, by mistake, omitted from Vol. 95.]

CASE 53—PETITION EQUITY—APRIL 26, 1894.

# Elizabethtown, &c., Railroad Company v. Ashland, &c., Street Railway Company.

APPEAL FROM BOYD CIRCUIT COURT.

1. RAILROADS—RIGHT OF ONE COMPANY TO CONSTRUCT ITS TRACK ACROSS TRACK OF ANOTHER COMPANY.—Under section 216 of the Constitution a railroad company can be required to permit the track of another company to cross its track at grade at any point where such crossing is "reasonable or feasible." And where the country is level in the vicinity of the proposed intersection, and along the railroad for 1,300 feet in one direction, and for 1,500 feet in the other, the approach of a train can be seen, it can not be said that the proposed intersection is not reasonable or feasible.

2. SAME.—Even conceding that section 216 of the Constitution does not apply to street railways in general (a question not determined), yet, where a railway is to connect two cities, and by the charter of the company it may use "steam, horse or other propelling power on said road in the transportation of freight and passengers," the company is in the class indicated by section 216.

3. WHEN A RAILROAD COMPANY HAS OBTAINED THE RIGHT TO PASS OVER A TURNPIKE by the permission of those controlling the road, the right thus acquired is not exclusive of the rights of the public, or of such uses and purposes as those for which public highways and

348        KENTUCKY REPORTS.        [Vol. 96.

Elizabethtown, &c., Railroad Co. v. Ashland, &c., Street Railway Co.

streets are established, among which uses are the establishment and
operation of street railways. Therefore, the railroad company has
no such property rights in the crossing as entitle it to compensation
from a street railway company crossing its track at that point, the
progress of the cars of the former not being unreasonably impeded
or interfered with. And it is immaterial whether the street railway
company is such a railway company as was contemplated by section
216 of the Constitution.

WADSWORTH & COCHRAN for appellants.

1. One railroad can not cross another railway company's road unless the
right to do so has first been acquired by purchase or condemnation.
This principle is binding whether the crossing is to be located in a
public street, a county road or a turnpike, or upon private property
where the railroad company owns an easement in the land in which
the railroad is built. The Legislature can not give the right to cross
without compensation, but only the right to purchase or condemn the
right of way. (Mills on Em. Domain, sec. 44; Lewis on Em. Domain,
sec. 489; Redfield on Railroads (6 Ed.), p. 40; 6 Am. & Eng. Enc. of
Law, 554, 555; Mass. C. R. Co. v. Boston, &c., R. Co., 121 Mass., 124;
Chicago, &c., R. Co. v. Springfield, &c., R. Co., 110 Ill., 21; Kansas
Cent. R. Co. v. Board of Co. Com., &c., 45 Kans., 716; Grand Rapids,
&c., R. Co. v. Grand Rapids, &c., R. Co., 35 Mich., 365; Detroit v.
Detroit, &c., 43 Mich., 140; Albany, &c., R. Co. v. Brounall, 24 N.
Y., 345; R. Co v. Deering, 73 Me., 61; Boston, &c., R. Co. v. County
Com, 79 Me, 386; Lake Shore, &c., Ry. v. Cincinnati, &c., Co., 30
Ohio St., 604; Chicago, &c., R. Co. v. Chicago, 140 Ill., 109; Boston,
&c., R. Co. v. City of Cambridge, 34 N. E. Rep., 382; Chicago, &c.,
R. Co. v. Hough, 61 Mich., 507; Am. & Eng. R. Cases, vol. 17, p. 169;
Perley v. Chandler, 6 Mass., 454; Richardson v. Bigelow, 15 Gray,
156; Lowell v. Prop, 104 Mass., 22; King v. Kent, 13 East., 220;
King v. Lindsey, 14 East., 317; King v. Kerison, M. & S., 526; Mor-
ris, &c., Co. v. State, 24 N. J. Law, 62 and 70; Northern, &c., Co. v.
Baltimore, 46 Ind., 425; Matter of Lockport, &c., R. Co, 77 N. Y.,
557; Matter of Boston, &c., R. Co., 79 N. Y., 69; Lake Shore, &c., R.
Co. v. Cincinnati, &c., Co., 116 Ind., 578; U. P. Ry. Co. v. Leaven-
worth, &c, Co., 29 Fed. Rep., 728; U. P. Ry. Co. v. B. & M. Ry. Co,
3 Fed. Rep, 106; Seattle, &c., Co. v. State, 3 Pac. Rep, 551; St.
Louis, &c., v. St. Louis, &c., 100 Mo., 419; Kansas City, &c., v. Kan-
sas City, &c., 24 S. W. Rep., 478; Toledo, &c., Co. v. East Saginaw,
&c., Co., 78 Mich., 206; Elliott on Roads and Streets, 557; Lewis on
Em. Domain, sec. 111; Fulton v. Short Route, &c., Ry. Co., 85 Ky.,
649; Cosby v. O. T. R. R. Co. 10 Bush, 295; Hills on Em. Domain,
sec. 55; Lex., &c., R. Co. v. Applegate, 8 Dana, 289; Ruttle v. City
of Covington, 10 Ky. Law Rep., 766; Commonwealth v. City of

Elizabethtown, &c., Railroad Co. v. Ashland, &c , Street Railway Co.

Frankfort, 92 Ky., 149; Lewis on Em. Domain, sec. 135; N. O. Ry. Co. v. Delaware, 114 U. S., 501; Lewis on Em. Domain, sec. 113; Mahon v. Utica, &c., R. Co., Suppt. to Hill & Davis, 156; Mifflin v. R. Co., 16 Pa. St., 182; Billings v. Breinig, 45 Mich., 70; Lippen-cott v. Allender, 27 Iowa, 462; Conway v. Taylor, 1 Black, 603; State Board v. State, 48 N. J. Law, 145; Society of Savings v. Coite, 6 Wall., 594; State R. Tax Cases, 92 U. S., 575; Constitution of Ky., secs. 195-242; Lewis on Em. Domain, sec. 232; Transportation Co. v. Chicago, 99 U. S., 642; City Council, &c., v. Townsend, 89 Ala., 489-492; Galveston, &c., R. Co. v. Fuller, 63 Tex., 467; Lewis on Em. Domain, secs. 56, 135, 142-644 and 618; Evans v. Missouri, &c., Ry. Co., 64 Mo., 453; Stratton v. G. W. & B. Ry. Co., 40 N. J. Eq., 50-58.)

2. Street railway companies are not contemplated in that section of the Constitution which provides that "all railway, transfer, belt lines and railway bridge companies shall allow the tracks of each other to unite, intersect and cross at any point where such union, intersection or crossing is reasonable or feasible," but the provision has reference only to the crossing of one steam railway by another. (Constitution, sec. 216; Louisville & Portland Ry Co. v. Louisville City Ry Co., 2 Duv., 175; Johnson's Adm'r, &c., v. Louisville City Ry Co., 10 Bush, 231; Appeal of Montgomery, 136 Pa. St., 96; Thomson & Houston, &c., Co. v. Sentor, 20 Oregon, 60; Endlich on Interpretation of Statutes, secs. 400-532; Elliott on Roads and Streets, 557.)

Not only does the context warrant the conclusion that street railways were not contemplated by the 216th section of the Constitution, but the three preceding sections, dealing with the same four classes of companies in respect to the handling of freight, necessarily exclude street railway companies, and the conclusion would follow that section 216 also excludes them. (Constitution, secs. 213-216, inc.)

Section 216 is one of ten sections embraced under the title, "Railroads and Commerce," and one of the provisions of these sections is, that the "Railroad Commission" shall have jurisdiction over the companies therein referred to. The Legislature, by a provision in the corporation law that street railway companies are excluded from the supervision of the "Railroad Commission," have adopted the construction contended for by the appellants. (Constitution, sec. 209; Corporation Law, sec. 228 )

Even if it should be held that appellee is within the purview of section 216, appellants are not bound to suffer appellee to cross their railroad without just compensation being ascertained and paid; such a crossing without compensation would be in violation of the Federal Constitution, which provides that no State shall deprive any person of his property without due process of law. (Constitution of U. S., Amendment 14; Lewis on Em. Domain, sec. 10; Elliott on Roads

Elizabethtown, &c., Railroad Co. v. Ashland, &c., Street Railway Co.

and Streets; 178; Davidson v. New Orleans, 96 U. S., 102; Ky. R. Tax Cases, 115 U. S., 331; Kennard v. Louisiana, 92 U. S., 482; McMullen v. Anderson, 95 U. S., 40; Scott v. City of Toledo, 36 Fed. Rep., 385; County, &c., v. R. Co., 18 Fed. Rep., 4 O.)    -

Sections 195 and 242 of the Constitution clearly recognize the right to compensation in all cases, and section 216 must be construed in harmony with them.

3. If appellants' petition was defective in failing to allege that the crossing at grade was not reasonable or feasible, that defect was cured when the answer was filed alleging that such a crossing was reasonable and feasible, to which a reply was filed denying these allegations, and after which a demurrer was filed, which, being carried back to the petition, was sustained.

4. Appellants having purchased a right to cross the highway at the point in question, appellee should be also compelled to buy the right to cross appellants' track at that point.

HUMPHREY & DAVIE ON SAME SIDE.

KNOTT & EDELEN AND R. C. BURNS FOR APPELLEE.

1. The appellant railroad company acquired no property right in the highway but a mere easement and, therefore, had no right to the exclusive use of same. The right of the public, the citizens and of other corporations to use the said highway was concurrent with that of the appellants, and appellee, having under its charter the right of way of the street for the purpose of operating a railway along same, and such use being a legitimate one, may construct its tracks across those of appellants without compensation to the latter. (Acts 187), vol. 1, p. 516 )

    Neither a steam nor an electric road is an additional servitude. (Fulton v. S. R. Ky. Tr. Co, 85 Ky., 640; Lou. Bagging Co. v. Cent. Pass. Ry. Co., 15 Ky. Law Rep., 417.)

2. The fact that approaching trains may be seen a quarter of a mile from the crossing in either direction renders the crossing at grade "reasonable and feasible" within the meaning of the Constitution, while either an over-grade or an under-grade crossing would be impracticable for the reason that in the one case the cost would be too great, and in the other the proximity to the river would render it liable to overflow in times of high water. (Constitution, secs. 216, 217; Am. & Eng. Enc. of Law, vol. 19, p. 868.)

3. A court of equity will not ordinarily enjoin an "intersection" where the right to make one has been given by statute. (Wheeling Bridge Case, 18 Howard, 421; Acts 1891-2-3, p. 698, sec. 187; C. & N. W. R. Co. v. C. & N., &c, 6 Bissell, 219.)

4. If appellant had a cause of action at all it was at law for damages and

it should have so proceeded. (Brooklyn Centr & Jam. R. Co. v. The Br. City R. Co., 33 Barb., 420, N. Y. & Har. R. Co. v. The Forty-second, &c., R. Co., 50 Barb., 309.)

But any increased danger arising from the crossing is not an element of damage. (Peoria & P. Union Ry. v. Peoria & F. Ry, 105 Ill., 110; Old Colony, &c., R: v. County of Plymouth, 14 Gray, 155; Boston, &c., R. v. County of Middlesex, 1 Allen, 324; Troy, &c., R. v. N. T. P. Co., 16 Barb., 100; Lake Shore, &c., Ry, v. Cin., &c., Ry, 30 Ohio St., 604.)

5. Appellant's petition being defective in failing to state that a crossing at grade was impracticable, this defect was not cured by the answer, but a demurrer to the answer having been filed, it should be sustained to the petition itself. (Yewell v. Bradshaw, 2 Duvall, 573; Macklin, &c., v. Trustees, &c., 88 Ky., 592; Drake's Adm'r v. Semonin & Dixon, 82 Ky., 291.)

6. The right to "intersect" may be granted by the State without compensation to, and even partly at the expense of, the intersected road. (C. & N. W. R. Co. v. C. & N., &c., 6 Bissell, 219.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

We learn from the petition of the appellants that they are the owners and operators of a railroad running through the town of Ashland, Kentucky, and crossing what is now Winchester avenue, in that town, but which was the old Ashland and Catlettsburg turnpike road when the railroad was first constructed; that the appellee owns a street railway in Ashland, and under the authority of its charter is about to extend it to the town of Catlettsburg, some four miles distant, along the turnpike road named. To prevent this extension, or at least to prevent the appellee from crossing the railroad at grade on Winchester avenue, the appellants filed their petition and obtained an injunction. A demurrer thereto having been sustained, their injunction dissolved and petition dismissed, they have appealed.

The sole question is the sufficiency of the petition.

After stating the facts indicated above, and averring their willingness that the appellee might pass over or under the railroad at or near the point desired in such manner as would be safe, and alleging its willingness even to contribute to the cost of such structure (overhead or underground), they continue thus: "But, because as plaintiffs aver and charge, the crossing of said railroad at the point in question, at grade, in accordance with said plan, or any plan providing for a grade crossing, would be exceedingly dangerous, and would constantly expose to great risk and hazard passengers and property of the railroad and street railway company, and for these, as primary reasons, and for the further reason that the application and request of defendant to be so permitted to establish such crossing is not reasonable or feasible, the said application and request of defendant was not allowed, and was refused by plaintiff, Chesapeake and Ohio Railway Company."

The plats and exhibits filed with the petition show the country to be level in the vicinity of the proposed intersection, and that along the railroad for thirteen hundred feet in one direction and for fifteen hundred feet in the other, the approach of a train can be seen; and we may observe that it may be on this account that the pleader has hesitated to aver in direct terms that the proposed intersection is not reasonable or feasible.

The section of the Constitution supposed to authorize the intersection, and apparently sought to be circumvented by this pleading, is that "all railway, transfer, belt lines and railway bridge companies shall

allow the tracks of each other to unite, intersect and cross at any point where such union, intersection and crossing is reasonable or feasible." (Sec. 216, Const.)

The petition shows evidence of careful preparation, and we are not inclined to attribute the adroit indirectness of these averments to accident by which merely the reasons controlling the refusal of the appellants to permit the intersection are set out in this argumentative form. It is to be inferred that the appellants were unable to say that the grade crossing or intersection was not feasible or reasonable. Indeed, such an averment would have been contradicted by their own exhibits on file with the petition.

Under the section quoted, we think that the appellee had the right to project its street railway along this avenue and street and across the railroad at grade. But the question is made that it can not do so without compensating the latter for an alleged deprivation or spoliation of its property rights at the point of intersection, and again we turn to the petition to ascertain the basis of this claim, the question being what property rights have the appellants on the turnpike in question of an exclusive character?

The averment is that the "Elizabethtown, Lexington and Big Sandy Railroad Company acquired by purchase and by donation or grant, prior to November, 1880, the land and ways on which it theretofore constructed its said line of road from West Ashland to the Big Sandy river, and has since, by itself or lessees, maintained and operated same, and is now by its said lessees in exclusive use and possession of the said line."

We are thus left to conjecture how the right was obtained to pass over this turnpike, then a highway. We infer it was by the permission of those controlling the road. The right was confessedly a "donation." In the nature of things it was but a permit to cross, sanctioned by legislative authority, and, therefore, a right to cross, but it was not exclusive of the rights of the public. Nor can we suppose it to have been exclusive of such uses and purposes as those for which public highways and streets are established, and among these uses are the establishment and operation of street railways. (Lou. Bagging Manf'g Co. v. Cen. Pass. Ry. Co., 95 Ky., 50.)

Even if this use imposed an additional servitude on the lands of the turnpike company, it does not affect the right of the appellants to cross this highway or street, and they have nothing of which to complain. That company and its vendees, the county of Boyd, are not complaining. In considering a similar question in the case of the Brooklyn Central & Jamaica R. Co. v. The Brooklyn City R. Co., 33 Barb., 420, the court said: "No use is proposed to be made of the Jamaica Company's rails. The passage of its cars is not to be interrupted or impeded, and no injury is to be done its business. But upon some imaginary right of property at the point of intersection, and which it is thought the defendant will appropriate in crossing, the passage of its cars over the street is to be arrested, and its routes of travel wholly interrupted. It was doubtless the intention of the Legislature that both these grants should have effect. That the franchise should

become valuable and profitable to the grantees and beneficial to the public at large. There is no other way in which they can have this effect and produce the desired result but by determining that when the rails of a railroad company are laid down in a public street, they may be lawfully crossed and passed over by the cars of another company, whenever such passing over can be effected without interfering with or impeding the progress of the cars passing along the track thus crossed. In short, that the crossing of the plaintiff's track by the rails and cars of the defendants is not an appropriation of the property of the former to the use of the latter, but a mode of exercising the public right of transit over the highway." So in this case, we think that the "property rights" of the appellants, if not imaginary, are at least magnified by the contention of counsel. The trunk line has the right to cross the street, and the progress of its cars is not to be unreasonably impeded or interfered with. There is nothing in the petition and exhibits indicating such hindrance or interference.

It is urged, however, that the appellee is not a railway company in the meaning of the section of the Constitution quoted. We think whatever may be said of street railways in general, that the charter of this company puts it in the class indicated by that section. The railway was to connect two cities. It might use "steam, horse or other propelling power on said road in the transportation of freight and passengers." (See Johnson's Adm'r v. Louisville, &c., Ry. Co., 10 Bush, 231.)

But it is immaterial whether the appellee be such a railway company or not, if, as we have seen, its use of the street or highway is such as was contemplated in the original dedication, and no property right of the appellant is molested or destroyed.

We think the petition presents no equity entitling the appellants to the relief asked, and the judgment below is affirmed.

[This case was not reported with the other cases of January Term, 1894, because it was pending upon a petition for rehearing.]