PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RY. CO.

*v.*

THE WEST CHICAGO STREET RAILROAD COMPANY.

*Filed at Ottawa May 15, 1895.*

EMINENT DOMAIN—*no compensation to railroad company for crossing its tracks in street.* A railroad company which, by city ordinances, has acquired a permanent easement in streets crossed by its tracks, is not entitled to compensation for the crossing of such tracks by a street railway laid along the street under permission from the city. *Chicago, Burlington and Quincy Railroad Co.* v. *West Chicago Street Railroad Co. ante*, p. 255, followed.

*Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Co.* v. *West Chicago Street Railroad Co.* 54 Ill. App. 273, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

LOESCH BROS., for plaintiff in error.

EGBERT JAMIESON, and GEORGE HUNT, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill, filed by plaintiff in error against defendant in error to restrain the latter from laying street railroad tracks north and south on Robey street in the

156—25

city of Chicago across the tracks of the former running east and west across Robey street.    The plaintiff, a steam railroad company, laid its tracks across Robey street under and in pursuance of ordinances passed by the common council of Chicago in 1866 and 1872.    The defendant, a street railroad company, was proceeding to lay its tracks upon said street, and across the tracks of plaintiff in error, under an ordinance of said council passed in 1892, authorizing said street railroad company to operate its cars with animal power, or cable, or electric power, or such other noiseless motor or power, as should be approved by the mayor and commissioner of public works of said city.    Answer was filed to the bill, and replication to the answer.    A preliminary injunction was granted upon filing the bill.    The cause came on for hearing before the circuit court upon the defendant's motion to dissolve the injunction on bill, answer and replication, and, upon such hearing, the injunction was dissolved and the bill dismissed for want of equity.    This decree of dismissal has been affirmed by the Appellate Court, and the present writ of error is prosecuted for the purpose of reviewing the judgment of affirmance ·entered by the Appellate Court.

The plaintiff in error does not claim to own the fee of the street, which is in the city; but it contends that, under the ordinances of 1866 and 1872, it acquired a perpetual easement in the street where its tracks cross the same, and that the crossing of its tracks by those of defendant in error is such a taking of its property as entitles it to compensation, and to an injunction until compensation is determined and made.    The question involved has been decided in the case of *Chicago, Burlington and Quincy Railroad Co.* v. *West Chicago Street Railroad Co. ante,* p. 255.    The views there expressed dispose of the issues in this case, and need not be here repeated.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*