South East, etc., R. Co. *v.* Evansville, etc., R. Co.—169 Ind. 339.

about the same level of "72." There was no evidence whatever as to whether the wind was blowing, or whether other cars were being shifted on the spur, or that the coal-car, when it caused the injury, was standing at the same place where it was left by the decedent. The defendant failed to ask the fireman how far away from the cab of the engine the car was standing as they passed it going north. The onus being upon the defendant to establish the decedent's negligence in setting the car, we are unable to say that the facts and circumstances described, were not sufficient to justify the jury in its conclusion that contributory negligence was not made out.

Petition overruled.

---

SOUTH EAST & ST. LOUIS RAILWAY COMPANY ET AL
*v.* EVANSVILLE & MT. VERNON ELECTRIC
RAILWAY COMPANY.

[No. 20,906. Filed November 26, 1907.]

1. RAILROADS.—*Highways.—Easements.*—The use of a portion of a public highway for a railroad crossing is subservient to the easement of the public in the use of such highway. p. 342.

2. SAME.—*Highways.—Uses for Other Purposes.*—Railroad companies impliedly agree, in crossing a public highway, that the highway at such crossing may be used for an interurban railroad crossing or other public purposes. p. 342.

3. SAME.—*Highways.—Interurban Railroads. — Crossings. — Damages.*—A railroad company whose right of way crosses a highway at a certain place is not entitled to damages from an interurban railroad company which is authorized by the board of commissioners to use the highway at such place, and which constructed a crossing of the railroad tracks thereat. p. 343.

4. INTERURBAN RAILROADS. — *Railroads. — Crossings. — Statutes.— Damages.*—The act of 1901 (Acts 1901, p. 461, §5468a *et seq.* Burns 1901), providing for compensation to a railroad company because of a crossing made by another company "not within the limits of any street or highway," and the acts of 1903 (Acts 1903, pp. 92 and 125, §5468a *et seq.* Burns 1905, and §5464a *et seq.* Burns 1905) providing that their enactment shall in nowise im-

pair the existing rights of interurban railroad companies to build their roads upon public highways, do not apply to interurban crossings of railroads within the limits of public highways. p. 344.

5. CONSTITUTIONAL LAW.—*Statutes.—Title.—Interurban Railroads.* —The title of the act of 1879 (Acts 1879, p. 175), empowering any street railroad "or other company organized * * * for similar purposes," after procuring the consent of the board of commissioners, to extend its railway upon the highways, there being no mention of railroad crossings, is broad enough to cover interurban railroad companies, and to authorize the building of an interurban railroad upon a public highway, though in so doing a railroad crossing must be made. p. 344.

6. PLEADING. — *Answer.* — *Facts Admitted.* — *Appeal.* — *Interurban Railroads.—Incorporation.*—An answer alleging that defendant interurban railroad company "is a corporation organized under the laws of the State of Indiana," admitted as true by demurrer, cannot be contradicted on appeal, where questioned in no way except by such demurrer. p. 346.

From Posey Circuit Court; *O. M. Welborn*, Judge.

Suit by the South East & St. Louis Railway Company and another against the Evansville & Mt. Vernon Electric Railway Company. From a decree for defendant, plaintiffs appeal. *Affirmed.*

*C. A. DeBruler*, for appellants.

*F. P. Leonard*, for appellee.

MONTGOMERY, J.—Appellants, as owners of a steam railway extending from Evansville to East St. Louis, brought this suit to enjoin appellee from constructing an interurban electric railroad across their track, without first acquiring the right so to do by condemnation proceedings. Appellee answered the complaint as follows: "Defendant, for answer to plaintiffs' complaint herein, says that said defendant is a corporation duly organized and incorporated under the laws of the State of Indiana, governing the organization, incorporation, construction and operation of electric interurban railways, and as such is now engaged in the construction of a line of interurban electric railroad from the city of Evansville, Indiana, to the city of Mt. Vernon, In-

diana, to be operated as such an electric railroad between such points only upon the completion of the same. Defendant further avers that, in the construction of its said road, it is necessary to cross the track of the plaintiff's road at a point about four miles east of the city of Mt. Vernon; that such point is within the limits of a certain public 'highway, of Posey county, Indiana, a highway along, over and across which defendant is authorized by the board of commissioners to construct an electric railroad, by order made by said board August 8, 1905, and that in crossing plaintiffs' track said defendant's track touches upon the right of way of plaintiffs and their track within the lines of said highway only; that defendant in making said crossing intends to cross plaintiffs' track at grade and is using a standard railway crossing, to wit, the kind of crossing commonly used for such purposes; that in making and placing such crossing defendant is so constructing the same in a sufficient manner not unnecessarily to impair the usefulness or injure the plaintiffs in their franchises, and so as to afford proper security for life and property in the operation of plaintiffs' and defendant's roads."

Appellants' demurrer to this answer, on the ground of insufficient facts, was overruled, to which ruling appellants excepted, and, declining to plead further, final judgment was rendered in favor of appellee. The sufficiency of appellee's answer is the only question presented for decision by this appeal.

Appellants' counsel contends that the construction of an electric interurban railroad along a public highway across the track of a steam railroad is a taking of private property within the meaning of the constitutional provisions, and cannot be done without first causing compensation therefor to be assessed and paid or tendered. Since 1879 street railroad and other kindred companies have been authorized to locate and construct their tracks along and upon a rural

highway by procuring consent of the board of commissioners of the county in which such highway is situated. §§5671-5674 Burns 1908, §§4155-4158 R. S. 1881.

Appellee's answer avers that its railroad was located upon the highway described in pursuance of consent obtained from the board of commissioners of the county. It is further alleged that the appellee proposed to construct a standard crossing in such manner as not unnecessarily to impair the usefulness or injure the franchise of appellants, and so as to afford security to life and property in the operation of both roads.

It does not appear from the pleadings whether the railroad was senior or junior to the highway crossed. We need not decide whether seniority would enlarge the rights 1. of the railroad with respect to the matter under consideration, since the exercise of its franchise over the crossing was subject to the burden of the public easement in the highway. Assuming that the railroad was constructed across the highway, its owners thereby acquired merely the privilege of crossing in the transportation of freight and passengers, subject to all proper uses to which the highway might be devoted under the law. The owners of the railroad were bound to know that a street or interurban railroad 2. might thereafter be lawfully located upon such highway and across the track at that point. The board of commissioners, in whom the authority was lodged, determined that the location and construction of the interurban road upon the highway would subserve the convenience of the traveling public. When appellants obtained the privilege of crossing this highway, they did it with the knowledge and upon the condition that they must submit to such growing inconveniences as might result from the development of the country, among which would be the wants and demands of the public for better facilities in traveling. Appellants complain that their track will be cut and their private

rights invaded. Such interference must have been contemplated when their road was located across a public highway. It appears that the crossing is to be made at the expense of appellee, and in such manner as to cause the least practicable interference with the operations of appellants' road, and, in our opinion, no encroachment upon the legal rights of appellants is threatened, and none of their property will be taken or damaged, in contemplation of law. Our conclusion, therefore, is that the owners of a steam railroad

3. are not entitled to recover compensation for the crossing of its track, at a public highway intersection, by an electric interurban road built upon such highway with the consent of the board of commissioners of the county, nor can such crossing be enjoined until compensation therefor shall have been assessed and paid or tendered. *Chicago, etc., R. Co.* v. *Whiting, etc., St. R. Co.* (1894), 139 Ind. 297, 26 L. R. A. 337, 47 Am. St. 264; 3 Elliott, Railroads, §1135; *Southern R. Co.* v. *Atlanta R., etc., Co.* (1900), 111 Ga. 679, 36 S. E. 873, 51 L. R. A. 125; *General Electric R. Co.* v. *Chicago, etc., R. Co.* (1900), 184 Ill. 588, 597, 56 N. E. 963; *Chicago, etc., R. Co.* v. *West Chicago St. R. Co.* (1895), 156 Ill. 255, 40 N. E. 1008, 29 L. R. A. 485; *Pittsburgh, etc., R. Co.* v. *West Chicago St. R. Co.* (1895), 156 Ill. 385, 40 N. E. 1014; *Louisville, etc., R. Co.* v. *Bowling Green R. Co.* (1901), 110 Ky. 788, 63 S. W. 4; *Elizabethtown, etc., R. Co.* v. *Ashland, etc., St. R. Co.* (1894), 96 Ky. 347, 26 S. W. 181; *Chicago, etc., R. Co.* v. *Steel* (1896), 47 Neb. 741, 66 N. W. 830; *Kansas City, etc., R. Co.* v. *St. Joseph Terminal R. Co.* (1888), 97 Mo. 457, 10 S. W. 826, 3 L. R. A. 240; *Lynn, etc., R. Co.* v. *Boston, etc., R. Co.* (1873), 114 Mass. 88; *Morris, etc., R. Co.* v. *Newark, etc., R. Co.* (1893), 51 N. J. Eq. 379, 29 Atl. 184; *West Jersey R. Co.* v. *Camden, etc., R. Co.* (1893), 52 N. J. Eq. 31, 29 Atl. 423; *Atchison, etc., R. Co.* v. *General Electric R. Co.* (1902), 112 Fed. 689, 50 C. C. A. 424; *Du Bois Traction, etc., R. Co.* v. *Buffalo, etc.,*

R. Co. (1892), 149 Pa. St. 1, 24 Atl. 179; *Market St. R. Co.* v. *Central R. Co.* (1877), 51 Cal. 583; *New York, etc., R. Co.* v. *Forty-Second St., etc., R. Co.* (1867), 50 Barb. 309.

Appellants' counsel contends that the act of March 11, 1901 (Acts 1901, p. 461, §5468a *et seq.* Burns 1901), the act of February 26, 1903 (Acts 1903, p. 92, §5468a

4. *et seq.* Burns 1905), and the act of March 3, 1903 (Acts 1903, p. 125, §5464a *et seq.* Burns 1905), are all unconstitutional and void, and cannot confer upon the appellee the right to cross appellants' right of way and tracks. The first of said acts provides for special proceedings and compensation for crossings only at places "not within the limits of any street or highway;" and the last two acts, in substance, stipulate that their provisions shall in nowise impair or abridge the right, under existing laws, of any street, interurban or suburban railroad company, authorized to locate its road upon a public highway, to construct such road across the tracks and right of way of any railroad at a street or highway intersection, without first obtaining consent of the owner of the railroad to be crossed, and without special proceedings. It is quite plain that the provisions of each of said acts relate wholly to crossings of street, interurban and suburban railroads with other railroads at places outside of public highway intersections. None of said acts purports to grant the right asserted, and the sufficiency of appellee's answer does not depend upon the validity of any of them, hence we are not warranted in determining the constitutional questions suggested.

The act of March 29, 1879 (§5671 Burns 1908, §4155 R. S. 1881), empowered any street railroad or "other company organized under the laws of the State of Indiana, for

5. similar purposes," desiring to extend its railway upon any highway outside of a city, to do so after procuring consent of the board of commissioners of the county. It is also provided by "an act concerning high-

ways'' approved March 8, 1905 (Acts 1905, p. 521, §36, §6761 Burns 1905), that any such company ''desiring to build an interurban electric railway outside of any city or town on any public highway, may do so by procuring the consent of the board of commissioners of the county in which such highway is situated.''

It is argued that the latter act cannot clothe appellee with authority to cross appellants' track, inasmuch as the subject of railroad crossings is not embraced in the title. The title is broad enough to cover, and the body of the act does effectually authorize, the location, construction and operation of electric interurban railroads upon public highways. It has already been stated that appellants merely have the franchise or privilege of passing over the intersection in the proper operation of their road, subject to the right of the public to use the highway in all ways and by all means heretofore or hereafter legally authorized. The right to operate an electric interurban railroad, designed to facilitate public travel, upon and along the highway, was one of the reserved uses of the public. The right to cross appellants' track was necessarily incident to the franchise granted by the county board to construct and operate the electric road upon the public highway. It follows that there was no requirement that the subject of railroad crossings be mentioned in the title of this act.

It is finally contended that there is no statute in Indiana under which a railroad, such as that described in the answer, can be incorporated, and for that reason appellee has 6. no right to cross appellants' right of way and track.

Appellants' complaint, and the answer assailed, both aver that appellee ''is a corporation organized under the laws of the State of Indiana,'' and engaged in the construction of an electric interurban railway.

This objection was not made one of the grounds of appellants' complaint for injunction, but is suggested for the first time in appellants' brief in challenging the sufficiency

of appellee's answer. If it were conceded that appellants could raise such question in this collateral way, still as the matter stands before us it is admitted that appellee is duly incorporated under the laws of this State, and has been granted the right by the proper authority to construct a railroad upon the public highway described, and is apparently acting within its charter rights. There is nothing in the answer to advise us whether appellee owns and operates a street railroad within either of the terminal cities, in connection with its proposed interurban road, and we are not to be understood as intimating that such fact is at all necessary. It will suffice to say that upon the admitted facts appellants' objection is clearly untenable.

Our conclusion is that appellee's answer is sufficient, and the court did not err in overruling appellants' demurrer thereto for want of facts.

The judgment is affirmed.