CASE 74.—CONDEMNATION PROCEEDINGS BY THE CINCIN-
NATI, COVINGTON & ERLANGER RY. CO., AGAINST
SARAH O. DEVON.—April 17.

# Devon v. Cincinnati, C. & E. Ry. Co.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

From the judgment of the circuit court defendant appeals—Affirmed.

1. Eminent Domain — Proceedings — Statutory Provisions—Con-
struction—"Railroads"—"Railways"—Interurban Railroad.—Ky.
St. 1903, section .842a (Act March 11, 1902, p. 39, c. 13), pro-
vides that interurban electric railroad companies authorized to
construct a railroad 10 or more miles in length incorporated
under the laws of the Commonwealth shall have the same
rights, powers, and privileges as are now granted to or con-
ferred upon railroad companies. Section 835 et seq. permit
condemnation of land by any company authorized to construct
a railroad which shall be unable to contract with the owner
of any land necessary for its use. A railroad corporation was
organized to construct and operate a line of railway not
exceeding 10 miles long from the city of Covington to the
town of Erlanger, and such points beyond as might thereafter
be determined upon, to be operated by electricity or other
improved methods of rapid transit. Held, that the term "rail-
road," as used in section 835, has the same meaning as "rail-
way," and that the company had the same right to condemn
private property for a right of way that a steam railroad
would have, especially since under its charter it might use
steam.

2. Same—Length of Railway Constructed—Effect.—The fact that

the entire 10 miles of railway authorized by its charter had
not been constructed by the company was immaterial, in the
absence of a showing that it did not in good faith intend to
complete the line as authorized.

3. Railroads—Charter—Construction—Termini of Road—"From."
—Articles of incorporation of a railway company provided
that it was to be constructed and operated "from" Covington
to Erlanger, and such further points beyond as might there-
after be determined upon and over and along such streets,
roads, etc., as might be acquired by due process of law. Held,
that the expression "from" Covington meant from within the
city, and that land within the city could be condemned for
a right of way.

4. Eminent Domain—Evidence as to Compensation—Examination
of Witnesses—Use of Word "Value."—Though the market value
of land to be taken under condemnation is the thing to be deter-
mined, the fact that the court did not require the uniform
use of the term "market value" in questioning witnesses is
not error where the term is occasionally used, though the
word "value" alone was principally used by both counsel and
witnesses.

HERBERT JACKSON for appellant.

POINTS RELIED ON.

1. I respectfully submit that this cause should be reversed
because it is apparent that the appellee was not in good faith
a railroad corporation, and that under the laws of Kentucky, it
had no right to condemn the appellant's property, and that all
of the proceedings were in violation of the appellant's right, and
clearly in violation of the sections of the Constitution of the
United States, set out herein.

2. It also appears, beyond any question, that the appellant had
no right to condemn property "within" the limits of the City of
Covington, and, it further appears, beyond any question, that part
of the appellant's property was within the city of Covington.

3. It also appears that much testimony offered at the trial was
incompetent and irrelevant and should never have been permitted
to go to the jury.

AUTHORITIES CITED.

1. Right to condemn.   (Ky. Stats, 835, 821, 763-842, Mills on
Eminent Domain, 48; 10 Am. & Eng. Encyc. of Law, 1054; Re-
vised Statutes of Ohio, 3309a; Bridge Co. v. Iron Co., 59 Ohio

Devon v. Cincinnati, C. & E. Ry. Co.

State, p. 185; Cincinnati & Cleveland R. R. Co. v. City of Cincinnati (Hamilton Probate Court & Hamilton Circuit Court); Louisville & Portland R. R. Co. v. Louisville Street Railway Co., 2 Duvall, 175, etc.; Morey v. Oley Valley Railway Co. (Pa.), 48 Atlantic, 971; L. & N. R. R. Co. v. Bowling Green Ry. Co., 23 Ky. Law Reporter, 273, &c., 110 Ky., 792; Potts v. Elevated R. R. Co., 161 Pa. St., 396; Commonwealth v. N. E. Elevated Ry. Co., 161 Pa. St., 409; P. R. T. Co. v. Dash, 125 N. Y. 93, Mill on Eminent Domain, 48, Cooley on Constitutional Limitations, 651; Currier v. Marriette & Ct. R. Co., 11 Ohio St., 228; Miami Coal Co. v. Wigton, 19 Ohio, 560; Cooley on Constitutional Limitations, 486, 487, 666; R. R. Co. v. Salem & Lowell R. R., 2 Gray, 36; United States v. Rauers, 70 Fed., 748; Louisville & Portland R. Co. v. Louisville City Ry. Co., 2 Duvall (Ky), 175; Funk v. Ry. Co., 61 Maine, 435; Thompson-Houston Co. v. Simon, 20 Gregon, 60; South Beach R. Co., 119 N. Y., 141; Carli v. Stillwater St. Ry., 28 Minn., 373; R. R. Co. v. Calt, 133 Ill., 657; Lagare v. Chicago, 139 Ill., 48; Forbes v. Delashmutt, 68 Iowa, 164; Matter of Niagra Falls v. Whirlpool R. Co., 108 N. Y., 375; City v. Pioneer Live Stock Co., 38 Ohio St., 348; Moore v. Given, 39 Ohio St., 663; Byrne v. K. C. Fort Scott and Memphis Ry. Co., 61 Fed. Rep., 605; Board of Ry. Comes v. Market Street Ry. Co., 64 Pac., 1; Constitution United States, art. 5; Constitution United States, art. 14.)

2. Cases distinguished. (Johnson v. Louisville City Ry. Co., 10 Bush, 231; Elizabethtown v. Ashland St. Ry. Co., 96 Ky., 347, &c.; Ky. Stats., 842a does not apply because it was enacted long after the suit was instituted and decided in the Kenton Circuit Court.)

3. Incompetent testimony admitted. (City of Paducah v. Allen, 111 Ky., 370, 371.)

ERNST, CASSATT & McDOUGALL for appellee.

SUMMARY OF AUTHORITIES.

1. Appellee has the right to condemn the land in question. (Ky. Stats., 835; Ky. Const., 216; Johnson v. Louisville City Ry., 10 Bush, 231; L. & N. R. R. Co. v. Bowling Green R. R. Co., Constitution of Kentucky, 821; Ky. Stats., sec. 5, p. 449; Railroad Co. v. Railroad Co., 115 N. Y., 442; Brightly's Purdon's Pa. Digest, vol. 2, p. 1416; Gaw v. Bristol & B. R. Co., 196 Pa. St., 442; Lieberman v. Chicago Rapid Transit Co., 141 Ill., 146-50; Bishop v. North, 11th Meeson & Welsby, 418; Minneapolis St. Ry. Co. v. City of Minn., 155 F., 989.)

2. The testimony on the question of damages was entirely competent. (Kentucky Statutes, 836, 839).

3. The authority to construct a railroad from Covington, means from a point within Covington. (Union Pacific R. R. v. Hall, 91 U. S., 343).

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee is a railroad corporation created under the laws of Kentucky for the purpose of constructing and operating an electric railway from Covington to Erlanger and other points beyond, not exceeding 10 miles in distance, from Covington. Appellee's articles of incorporation provide "* * * The undersigned have and do hereby associate themselves together to form an incorporated company, under the statutes of Kentucky, for the purpose of constructing a line of railway, as hereinafter stated. * * * Third. The business of said company shall be the construction, maintenance, and operation of a line of railway not exceeding ten miles long, with a single or double track, and with all the usual and convenient appendages and appurtenances thereunto belonging, including the right to erect, maintain and operate electric poles and wires over and along said railway and with the privilege of operating a line of telegraph or telephone on and over the line of said railway. Said railway is to be constructed and operated from the city of Covington, Kenton county, Kentucky, to the town of Erlanger in Kenton county, Kentucky, and to such further points beyond said town of Erlanger as may hereafter be determined upon, and over, along and upon such bridges, streets, roads, highways, and such private property, as said company may, by due process of law, acquire the right to lay its tracks and other appliances and appendages upon. Fourth. Said

railway shall be operated by electricity or other improved methods of rapid transit." In constructing its line of railway appellee found it necessary to cross upon and over a parcel of real estate owned by the appellant, and which is situated partly within and partly without the corporate limits of the city of Covington. The land in question was unoccupied by buildings, and consisted mainly of a steep hillside, which rendered it practically, if not wholly, unfit for cultivation. Being unable to contract with appellant for a right of way for its railway line over this land, appellee in March, 1901, filed in the county court its petition asking the condemnation of such right of way as provided by section 835, Ky. St. 1903, following which commissioners were appointed by the court to view the premises and make and report the necessary assessment of damages to which appellant would be entitled by reason of the construction and operation of the railway upon her land. This duty was performed by the commissioners, whose report fixed her damages at $454.50. Appellant filed exceptions to the report, making objection to its confirmation on certain legal grounds, as well as on account of the smallness of the damages; and on the trial of the exceptions in the county court they were overruled, except as to the question of damages, the amount of which was increased from $454.50 to $575.00, and appellee adjudged entitled to occupy the ground condemned for the right of way, upon the payment by it to appellant or into court of the damages awarded. Appellee thereupon tendered the $575.00 damages to appellant, which she refused to accept. It was then paid into court, after which appellee began the construction of its railway bed and track over appellant's land upon the right of way adjudged it, and in a short time

commenced to operate and is now operating electric
cars thereon as far as the cemetery, which lies about
three miles out of Covington and on the way to Er-
langer. Appellant, being dissatisfied with the judg-
ment of the county court, prosecuted an appeal to the
circuit court, and on the trial in that court the jury
returned a verdict fixing her damages at $450. The
court thereupon overruled appellant's objections to
the proceedings, and by the judgment rendered re-
quired her to accept the damages awarded, and con-
firmed appellee's right to the land condemned for the
use and operation of its railway line. The circuit
court refused appellant a new trial; and from the
judgment of that court she prosecutes this appeal.

It was contended by appellant both in the county
and circuit courts, and she yet contends: (1) That no
right or authority is conferred by the statute upon
electric railroads, street railways, or trolley lines to
condemn land for the purpose of constructing road-
beds, laying tracks, or operating cars; that only steam
railroads possess such right—therefore the county
and circuit courts were without jurisdiction to en-
tertain the proceeding whereby appellee obtained the
right of way over her land; and that the judgment
appealed from is in violation of that provision of the
fourteenth amendment to the federal Constitution
which declares that the citizen cannot be deprived
of his property without due process of law. (2) That
appellee cannot in any event, by condemnation, obtain
a right of way for its road over land lying within the
corporate limits of the city of Covington. (3) That
the circuit court admitted incompetent evidence on the
trial.

As it is not denied that appellee was unable to
contract with appellant for the right of way over her

land, or that the land in question is necessary for the construction and operation of its railway, and no complaint is made that the proceedings in the circuit court did not conform to the statute or that the damages allowed appellant are inadequate, it only remains to be determined whether appellee is a railroad that may condemn land for a right of way as provided by section 835, Ky. St. 1903. It will hardly be questioned that appellee's articles of incorporation authorize it to construct and operate a railroad, and to that end to run over, along, and upon "such bridges, streets, roads, highways, and such private property as said company may, by due process of law, acquire the right to lay its tracks and other appliances and appendages upon." While the term "railroad," as used in section 835, Ky. St. 1903, has not been construed by this court, we are clearly of opinion that the word "railway" has the same meaning. The words "railway, transfer, belt line," and "railway bridge companies," are used in sections 213, 214, 215, and 216 of the Constitution; and this court has held that the provisions of section 216 of the Constitution embrace street railroads as well as steam railroads. The language of that section is as follows: "All railway, transfer, belt lines, and railway bridge companies, shall allow the tracks of each other to unite, intersect and cross at any point where such union, intersection, and crossing is reasonable or feasible." In passing upon the question of whether a street railway in process of construction between Ashland and Catlettsburg, a distance of four miles, should be allowed to cross a steam railroad at grade in Ashland as provided by section 216, Const., this court said: "It is urged, however, that the appellee (street railway) is not a railway company in the

meaning of the section of the Constitution quoted. We think, whatever may be said of street railways in general, that the charter of this company puts it in the class indicated by that section. The railway was to connect two cities. It might use steam, horse, or other propelling power on said car route in the transportation of freight and passengers." Elizabethtown, etc., R. R. Co. v. Ashland, etc., Street Ry. Co., 96 Ky. 347, 16 Ky. Law Rep. 42, 26 S. W. 181; Johnson's Adm'r v. Louisville City Ry. Co., 10 Bush, 231; L. & N. R. R. Co. v. Bowling Green Ry. Co., 110 Ky. 788, 63 S. W. 4, 23 Ky. Law Rep. 274. The appellee railway, like the Ashland Railway Company mentioned in the case, supra, is of the class indicated by section 216 of the Constitution, as it is to connect two cities, may carry freight as well as passengers, and use steam instead of electricity, steam being one of the "improved methods of rapid transit." While appellee's cars pass through Covington to Cincinnati and return, its railway is not strictly speaking a street railway, but rather an interurban electric railway, which is, or may be, operated a distance of 10 miles from Covington and beyond Erlanger. As said in Zehren v. Milwaukee Electric Ry. Co., 99 Wis. 83, 74 N. W. 538, 41 L. R. A. 575, 67 Am. St. Rep. 844; "A street railway in its inception is a purely urban institution. It is intended to facilitate travel in and about the city from one part of the municipality to another, and thus relieve the sidewalk of foot passengers and the roadway of vehicles. It is thus an aid to the exercise of the easement of passage— strictly a city convenience for the use of the city by people living or stopping thereon, and fully under the control of the municipal authorities who have been endowed with ample power for that purpose. * * *

The urban railway has developed into the interurban railway, and threatens soon to develop (as in the case at bar) into the interstate railway. The small car which took passéngers at one corner and dropped them at another has become a large coach in size, and has become a part, perhaps, of a train, which sweeps across the country from one city to another, bearing its load of passengers ticketed through, with an occasional passenger picked up on the highways. The purely city purposes which the urban railway embraces have developed into and are being supplanted by an entirely different purpose, namely, the transportation of passengers from city to city, over long distances and stretches of intervening country. * * *,,

Ky. St. 1903, sec. 842a (Act March 11, 1902, p. 39, c. 13), provides "All interurban electric railroad companies authorized to construct a railroad ten or more miles ·in length, heretofore or hereafter incorporated under the general railroad laws of this Commonwealth shall be under the same duties and responsibilities, so far as practicable, and shall have the same rights, powers and privileges as is now granted to or conferred upon railroad companies existing, operated or incorporated under existing laws of this Commonwealth, or under laws that may hereafter be enacted." Appellee, being an electric interurban railroad, and authorized by its charter to construct and operate its line for a distance of 10 miles from the city of Covington, has the same right and powers under the section, supra, and section 835, Ky. St. 1903, to condemn land for a right of way that may be exercised by steam railroads; and the fact that the entire 10 miles of railway authorized by its charter has not yet been completed by appellee does not affect the question; there being

nothing in the record to show that it is not its purpose, in good faith, to complete the line as authorized. In Diebold v. Kentucky Traction Co., 117 Ky. 146, 25 Ky. Law Rep. 1275, 77 S. W. 674, 63 L. R. A. 637, 111 Am. St. Rep. 230, section 842a, Ky. St. 1903, was given the same construction we now place upon it.

It is contended by counsel for appellant that, as appellee's articles of incorporation authorize it to run a railroad "from" Covington to Erlanger and points beyond, this means that land for the use of its railway lying within the corporate limits of the city of Covington cannot be condemned by it. We see no force in this contention, and no authority is cited in support of it. Manifestly a railroad charter which authorizes the railroad to connect two towns will also authorize it to run from a point within either town, and not limit it to the corporation line or boundary. The strained construction contended for by appellant would tend to defeat the purpose of such a grant by making it inconvenient for the citizens of the town to use the road, and would be inconsistent with the provisions of the articles of incorporation which permit the road to run "over, along and upon bridges, streets, roads, highways," etc. Clearly the meaning of the articles of incorporation is that appellee's railroad may, and was intended to, operate from a point within the city of Covington to a point within and beyond the city of Erlanger. Only a small portion of the land condemned in this case lies within the city of Covington, and such as there is seems to have been used for nothing but an entrance to a quarry long since abandoned. The Supreme Court of the United States in Union Pac. R. R. Co. v. Hall, 91 U. S. 343, 23 L. Ed. 428, in passing upon this question, declared that "authority to construct a railroad, or

turnpike, from A. to B., or beginning at A. and running to·B., is held to confer authority to commence the road at some point within A. and to end it at some point within B.; the words 'from,' 'to,' and 'at' are taken inclusively, according to the subject-matter.''

Objection is also made by appellant that in questioning witnesses as to the value of the land condemned for the use of appellee's railway the court did not require that they be asked as to its market value; the word "value" in that connection being mainly used. We find no merit in this contention. Of course, the market value of the land was the thing to be ascertained; and, while the word "value" was principally used by both counsel and witnesses with respect to the land, the term "market value" was also sometimes used. We do not think the witnesses or jury were misled by the manner in which these questions were framed. There seems to have been no incompetent evidence presented to the jury, and the record as a whole discloses no error upon the part of the circuit court that can be said to have been prejudicial to appellant's substantial rights.

Wherefore the judgment is affirmed.

Petition for rehearing by appellee overruled.