HORTON v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department.   November 15, 1901.)

1. RAILROADS— STATUTES—APPLICATION—PRESUMPTION.
    Where the complaint alleges and answer admits that defendant in 1899
    was, and still is, a domestic railroad corporation, and there is no conten-
    tion that the defendant is not within the purview of Laws 1895, c. 1027,
    relating to mileage books. the court must assume that the statute ap-
    plies.

2. SAME—MILEAGE BOOKS—CONTRACT—CONSIDERATION.
    Laws 1895, c. 1027, provides that railroad companies, on application,
    shall issue mileage books good for 500 or 1,000 miles, which shall entitle
    the holder to the same rights and privileges "to which the highest class
    ticket issued by such corporation will entitle him."  Defendant, on issu-
    ing a book to plaintiff, required him to sign a contract that it would be
    accepted for transportation only for journeys wholly within the state.
    Held, that such contract was without consideration and void, since it was
    the duty of defendant to issue the book without other conditions than
    those prescribed by the statute.

3 SAME—CONSTRUCTION OF CONTRACT.
    Where, pursuant to Laws 1895, c. 1027, a railroad company issues a
    mileage book, and attaches a contract that it shall be accepted for trans-
    portation only for journeys wholly within the state, such contract should
    be construed to mean that it will be accepted for only so much of a
    journey as lies within the state.

Appeal from trial term, Orange county.

Action by James E. Horton against the Erie Railroad Company.
From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Frank Lybolt, for appellant.
Henry Bacon, for respondent.

JENKS, J.   The plaintiff complains and the defendant admits
that the defendant was on June 7, 1899, and still is, a domestic rail-
road corporation.   Beyond this, there is nothing in the record touch-
ing the corporate status of the defendant.   Purdy v. Railroad Co.,
162 N. Y. 42, 56 N. E. 508, 48 L. R. A. 669, holds that the so-called
"Mileage Book Act" (chapter 1027, Laws 1895) is constitutional,
so far as it relates to railroad corporations thereafter incorporated
in this state, and that the amendment of that statute by chapter
835 of the Laws of 1896 is constitutional in all cases where the orig-
inal act could be sustained.   As there was no contention that the
corporation was not within the purview of the statute raised by
the pleadings, and as the record is silent, we must assume that the
statute applies.   The statute provides that:

"The corporation shall issue mileage books having either five hundred or
one thousand coupons attached thereto, entitling the holder thereof to travel
either five hundred or one thousand miles on the line or lines of such rail-
road, for which the corporation may charge a sum not to exceed two cents
per mile.  *  *  *  Such books shall be issued immediately upon application
therefor.  Upon presentation of such mileage book to a conductor on any
train on any line of railroad owned or operated by said railroad corporation,
the holder thereof or any member of his family  *  *  *  shall be entitled
to travel for a number of miles equal to the number of coupons detached by

the conductor. Such mileage book shall entitle the holder thereof to the same rights and privileges in respect to the transportation of person and property to which the highest class ticket issued by such corporation will entitle him. Such mileage books shall be good until all coupons thereto have been used."

The plaintiff, who was a traveler on a regular passenger train of the defendant, which stopped at Narrowsburg, New York state, tendered to the conductor thereof a mileage book with sufficient coupons undetached in payment of his fare therefrom to Cocheton, N. Y., a regular station at which that train stopped, and which was distant nine miles from Narrowsburg. The territory between such stations was wholly within the state of New York. The conductor refused to accept such mileage book in payment of such fare, and, upon the refusal of the plaintiff to pay his fare for such trip, he ejected him from the train. The complaint in an action for damages due to such ejection was dismissed at trial term on the merits, and the plaintiff appeals from the judgment entered thereupon. The motion for dismissal was based upon the ground that the contract expressed in the mileage book, and entered into by the plaintiff when he bought it, states that the book is good for transportation only wholly within the state of New York, and will not be accepted for a journey which passes through any other state or road. This is the principal basis of the contention of the respondent upon this appeal. The mileage book, when issued, contained certain rules and regulations, as follows:

"This five hundred mile book is sold by Erie Railroad Company and purchased and used under and in accordance with the following rules and regulations: (1) * * * (2) It will be accepted for transportation only for journeys wholly within the state of New York, and will not be accepted for a journey which passes through any portion of another state en route. The undersigned purchases and accepts this book subject to the above rules and regulations, which he or she has read and fully understands, and hereby agrees to abide by in all respects."

The plaintiff admitted that he subscribed this book when he purchased it. In effect, then, the defendant relies upon a contract which was required of the plaintiff when, under the authority of the statute, he applied for the mileage book. But I can find nothing in the statute which authorized the defendant to prescribe such a contract with the plaintiff, or to require the plaintiff to subscribe the same as a condition for its issue. Trolan v. Railroad Co., 31 App. Div. 320, 324, 52 N. Y. Supp. 257. The statute but provides that such books must be issued upon application, that the charges shall be two cents a mile, and that the holder shall be entitled to travel for a number of miles equal to the number of coupons undetached. And the statute entitles the holder to the same rights and privileges in respect to transportation of person and property as the highest class ticket would entitle him. Thus the defendant by its contract would limit the statutory duty cast upon it. Not only, in my opinion, is such a contract in contravention of the statute, but, if there be any room for the discussion, I can find no sound reason for this regulation in this case, beyond the desire to avoid the statute. Conceding, as the respondent contends, that the legal definition of the

journey of the plaintiff was from Lackawaxen, Pa., to Cocheton, N. Y., the mere fact that a part of that journey was outside of the state cannot militate against the plaintiff as to the journey between the two points within the state. The respondent was paid the regular fare between the point in Pennsylvania and the first station within the state of New York, and therefore when the plaintiff, within the state of New York, sought to pay for his transportation from a regular station in that state to another regular station therein, he was, so far as the domestic economy of the respondent was concerned, certainly in the same position as a passenger who had begun his journey at the first station in the state of New York. Indeed, the practical effect of the defendant's position would be a discrimination against the "long haul passenger," as against the mere short haul passenger, for which I can see no sound reason whatever. The construction put upon the contract by the learned counsel for the respondent would discriminate against a passenger, like the plaintiff, who arrived at a station in the state of New York by travel upon its own road, and in favor of a passenger who had traveled to such station on the road of another company, and who there sought to continue his journey on the road of the respondent. If, as I have said, the contract contravened the statute, it could not be enforced. Trolan v. Railroad Co., supra; Corcoran v. Railroad Co., 25 App. Div. 479, 49 N. Y. Supp. 701; Seybolt v. Railroad Co., 95 N. Y. 562, 574, 47 Am. Rep. 75; Bank v. Lamb, 26 Barb. 595; Barton v. Plank Road Co., 17 Barb. 405; Grain Binder Co. v. Stayner, 25 Hun, 91. See, too, Bank v. Owens, 2 Pet. 527, 538, 7 L. Ed. 508; End. St. Const. 538; Pratt v. Short, 79 N. Y. 437, 35 Am. Rep. 531. Moreover, there is no consideration for such contract; for the statute required the defendant to carry the plaintiff the number of miles within the state on the defendant's railroad that the coupons unused represented, with all of the rights of a holder of a first class ticket. And so the promise that the defendant would do exactly what the statute required, provided the plaintiff would begin his journey in the state of New York, is insufficient as a consideration to support such a contract. Seybolt v. Railroad Co., 95 N. Y. 575.

I have thus far discussed the case on the construction of the contract made by the defendant. But there is room for a construction in harmony with the purview of the statute (based on the further proposition, which is not up for discussion here, that the statutes of this state, in the language of Allen, J., in Dyke v. Railroad Co., 45 N. Y. 113, 118, 6 Am. Rep. 43, 46, have "no intrinsic extraterritorial force"), as meaning that the mileage book is available only for travel in the state of New York, and that therefore it cannot be used for that part of a trip which passes over the territory of another state. It will be assumed that the defendant did not kick against the statute, nor seek to evade it, but made the rules and regulations in accord with it and in furtherance of it. This was the reading of the plaintiff, who admittedly tendered his fare for that part of his route which lay without the state, and only insisted upon his right to use his mileage book from regular station to regu-

lar station, between which lay the territory of this state. The cases cited by the learned counsel for the respondent may be discriminated. They did not present questions of a contract which contravened the express terms of a statute, but dealt with the reasonableness of rules and regulations for the conduct of the business of the corporations, save one case, where the court held that the contract was entirely within the terms of the statute.

The judgment must be reversed, and a new trial ordered, with costs to abide the event. All concur.