NOVEMBER TERM, 1912. 639

Baltimore, etc., R. Co. *v.* Cincinnati, etc., R. Co.—52 Ind. App. 639.

## BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* THE CINCINNATI, LAWRENCEBURG AND AURORA ELECTRIC STREET RAILROAD COMPANY.

[No. 7,750. Filed November 26, 1912. Rehearing denied March 6, 1913.]

1. CONTRACTS.—*Actions.—Consideration.*—As a general rule, the promise contained in a contract, in order to support an action, must have been made upon a valuable consideration. p. 643.
2. CONTRACTS.—*Valuable Consideration.*—A valuable consideration, necessary to support a contract, must consist of the forbearance or acquisition of some legal right, and, unless it is the forbearance or acquisition of a legal right, there is no consideration, even though the parties may believe otherwise. p. 643.
3. RAILROADS.—*Street Railroads.—Crossing Agreement Between Steam and Street Railroads.—Consideration.*—The consent of a steam railroad company to cross its tracks at grade on a certain street, does not constitute a sufficient consideration for the promise of a street railroad company to pay for, keep and maintain a watchman at such crossing, if the same should be required, since the steam railroad company could be required to maintain a watchman regardless of whether the street railroad crossed its tracks, and the street railroad company, in obtaining such consent, acquired no right to which it was not already legally entitled. p. 643.
4. RAILROADS.—*Street Railroads.—Additional Burden on Streets.—Right to Cross Tracks of Steam Road.*—The use of city streets by a street railway company, with the consent of the common council, does not constitute an additional burden, and it may, subject to no other conditions than those to which the general public is subject, use the street and cross the track of a steam road without the latter's consent. p. 644.
5. RAILROADS.—*Use of Streets.—Street Railroads.*—It will be assumed that a steam railroad constructed its track across a street with the understanding that a street or interurban railroad might thereafter be lawfully located on such street and across its track at such point. p. 645.
6. RAILROADS.—*Street Railroads.—Right to Cross Tracks of Steam Road.—Priority in Use of Crossing.*—A street railroad company and a steam railroad company are on equal terms in the use of a street except that, on due notice, the steam road has the priority in the use of the crossing, where its tracks are crossed by those of a street car company. p. 645.

7. RAILROADS.—*Street Railroads.*—*Crossing Agreement Between Steam and Street Railroads.*—Where a street railway company desires to lay its tracks across those of a steam road, the character of the crossing, and of the materials, appliances and equipment to be used in its construction and maintenance, are the proper subjects of contract, since both companies are chargeable with certain duties relative to the safety of the street occasioned by such crossing, and the rights and duties of each with reference thereto, as between themselves, may be specifically defined by contract.    p. 645.

From Dearborn Circuit Court; *George E. Downey*, Judge.

Action by the Baltimore & Ohio Southwestern Railroad Company against the Cincinnati, Lawrenceburg & Aurora Electric Street Railroad Company. From a judgment for defendant, the plaintiff appeals.    *Affirmed.*

*Edward Barton, R. S. Alcorn* and *McMullen & McMullens,* for appellant.

*Shutts & Davies* and *M. J. Givan,* for appellee.

MYERS, J.—Appellant brought this action against appellee, to collect a sum of money alleged to be due it by the terms of a certain written contract. The complaint was in one paragraph, to which a demurrer for want of facts was sustained, and this ruling is assigned as error.

From the complaint it appears that both appellant and appellee were Indiana corporations, the former owning and operating a line of railroad through the city of Lawrenceburg for the carriage of freight and passengers for hire, and the latter owning and operating a street railroad through said city for the carriage of passengers for hire. On March 21, 1900, these companies entered into a written contract, made a part of the complaint by exhibit, which, omitting the formal parts, reads as follows:

"WITNESSETH:
Whereas, the said party of the second part desires to cross at grade the right of way and track or tracks of the party of the first part for the purpose of constructing and operating an electric railroad at Walnut Street in the City of Lawrenceburg and at George

Street in the City of Aurora, both in the State of Indiana; and

Whereas, the parties have mutually agreed that said party of the second part may construct, maintain and operate its electric railroad over and across the right of way, railroad and track of the party of the first part at the points named, to-wit: Walnut Street in the City of Lawrenceburg and George Street in the City of Aurora, and State of Indiana, upon the terms and conditions hereinafter set forth:

Now, Therefore, It is agreed between the parties,

1. The party of the first part grants to the party of the second part the right to cross at grade, construct, maintain and operate an electric street railroad over and across the right of way, railroad and track of the party of the first part at Walnut Street in the City of Lawrenceburg, also at George Street in the City of Aurora, State of Indiana, upon the conditions and terms hereinafter set forth.

2. The party of the second part, in consideration of the grant of the right to cross at grade the right of way, railroad and track of the party of the first part above mentioned, covenants and agrees that it will, at its own sole cost and expense, construct and forever afterwards maintain the crossing, frogs, fixtures and appliances necessary for the safe and proper crossing of the said right of way, railroad and track of the party of the first part at Walnut Street in the city of Lawrenceburg, and for the safe and proper crossing of the said right of way; railroad and track of the party of the first part at George Street in the City of Aurora, in the State of Indiana, all of which said work crossing, frogs, fixtures and appliances, and the manner of construction and maintenance of the same, shall be done to the satisfaction of the party of the first part.

3. Said party of the second part further covenants and agrees that it will bring its cars to a full stop on each side upon approaching either of said crossings over the said right of way, railroad and track of the party of the first part at Walnut Street in the City of Lawrenceburg, and at George Street in the City of Aurora, and will in each case upon approaching said railroad track with its cars send a conductor ahead of such car, whose duty it shall be to observe the approach of trains at said crossings, or either of them and direct

642     APPELLATE COURT OF INDIANA,

Baltimore, etc., R. Co. *v.* Cincinnati, etc., R. Co.—52 Ind. App. 639.

the movement of said electric cars so that the same shall not collide or be struck by the engines or cars of the party of the first part being operated over said line of railroad, it being the distinct understanding and agreement of the parties that the said party of the first part shall have precedence in the operation of its trains over said crossings, and that the party of the second part, in the operation of its electric cars, shall only attempt to cross the line of said railroad at a time when the same may be done with safety.

4. The said party of the second part further covenants and agrees that whenever it shall be necessary for the safety of said crossings, or either of them, or whenever the said party of the first part shall be required by any law or ordinance of either of the said Cities of Lawrenceburg or Aurora, or the State of Indiana, to keep or maintain any crossing watchman or watchmen at said crossing of Walnut Street, Lawrenceburg, or George Street, Aurora, or either of them, then the party of the second part hereby covenants and agrees to pay for, keep and maintain such watchman or watchmen.

5. The provisions of this contract shall extend to and be binding upon the parties and both of them, their successors, assigns and legal representatives, and the provisions of this contract shall govern and control the operation of said crossings so long as the same shall be used for the purposes provided by this contract.''

An ordinance of said city, passed and approved December 13, 1906, and continually thereafter in force, requiring appellant to keep a watchman at the crossing of its track on Walnut street, was made a part of the complaint, as was also an itemized statement of the money paid by appellant for the services of a watchman at said crossing from December, 1906, up to and including February, 1910. Other facts are alleged, but the question here for decision is apparent from the facts stated. The objection to the complaint is that it fails to disclose a consideration for appellee's agreement to pay for the services of a watchman.

The fourth specification of the contract is the only one concerning the subject of pay for a watchman's services, and appellee's promise in this respect, as we read the instru-

NOVEMBER TERM, 1912.        643

Baltimore, etc., R. Co. v. Cincinnati, etc., R. Co.—52 Ind. App. 639.

ment in question, must be supported by a valuable
1.  consideration.  In 1 Beach, Contracts §5, it is said:
"The general rule is that in order to support an
action, the promise must have been made upon a legal con-
sideration moving from the promisee to the promisor."

The same author (1 Beach, Contracts §147) says:
2.  "A 'valuable consideration' consists either in some
right, interest, profit, or benefit accruing to the one
party, or some extension of time of payment, detriment, loss,
or responsibility given, suffered, or undertaken by the
other."  In 1 Page, Contracts §274, it is said:  "A valu-
able consideration is some legal right acquired by the prom-
isor in consideration of his promise, or foreborne by the
promisee in consideration of such promise."  And again
(1 Page, Contracts §301):  "While the parties to a con-
tract may make such terms and select such consideration as
they choose, the consideration selected must be the for-
bearance or acquisition of some legal right.  If they select
something which is not a legal right, the acquisition or for-
bearance of it constitutes no consideration, though the par-
ties may believe otherwise."

The contract before us recites, in effect, that ap-
3.  pellee in the construction, maintenance and operation
of its road desired to cross appellant's track in Wal-
nut street in the city of Lawrenceburg, and that appellant
consented thereto on certain terms and conditions, among
which was the promise of appellee to pay for, keep and main-
tain a watchman at Walnut street crossing.  Or, in other
words, the consideration for appellee's promise was the con-
sent of appellant to cross at grade its track on Walnut
street.

If appellee acquired some legal right, or any legal possi-
bility of benefit by its promise, a sufficient consideration
would be shown, but the mere consent or withdrawal of an
objection by appellant to the doing of that which appellee
had a legal right to do, is not a consideration sufficient to

644    APPELLATE COURT OF INDIANA,

Baltimore, etc., R. Co. *v.* Cincinnati, etc., R. Co.—52 Ind. App. 639.

support a promise. This is so on the theory that the promisor gets nothing in return for his promise but that to which he is legally entitled. *Beaver* v. *Fulp* (1894), 136 Ind. 595, 36 N. E. 418; *Reynolds* v. *Nugent* (1865), 25 Ind. 328; *Shortle* v. *Terre Haute, etc., R. Co.* (1892), 131 Ind. 338, 30 N. E. 1084; 1 Beach, Contracts §157; 9 Cyc. 347; *Horton* v. *Erie R. Co.* (1901), 72 N. Y. Supp. 1018, 65 App. Div. 587; *Brooklyn, etc., R. Co.* v. *Brooklyn City R. Co.* (1861), 33 Barb. (N. Y.) 420; *New York, etc., R. Co.* v. *Forty-Second Street, etc., R. Co.* (1867), 50 Barb. 309; *Market St. R. Co.* v. *Central R. Co.* (1877), 51 Cal. 583; *Highland Ave., etc., R. Co.* v. *Birmingham Union R. Co.* (1890), 93 Ala. 505, 9 South. 568.

What then was the legal right or benefit gained by appellee through its promise to pay for the services of a watchman, or right forborne by appellant in consideration of such promise? The city of Lawrenceburg, by legislative enactment, had the power to require appellant to maintain a watchman at its railroad crossing over Walnut street. §8655 Burns 1908, subd. 49, Acts 1905 p. 219. This power was not enhanced, limited or affected by the fact that appellant gave its consent for appellee to construct, maintain and operate its road in the street across appellant's track.

At the time of making the contract in question, and ever since that time, it was, and still is, the settled law of this State that the use of city streets by a street railway company with the consent of the common council does not constitute an additional burden. After affirming this doctrine in the case of *Chicago, etc., Terminal R. Co.* v. *Whiting, etc., St. R. Co.* (1894), 139 Ind. 297, 38 N. E. 604, 26 L. R. A. 337, 47 Am. St. 264, the court said on page 304: "So long, therefore, as it is the settled law of this State that a street railway is not an additional burden to that of the easement which the general public has in the street, and that the street railway company's right to use

the street is founded on that easement, that long it must be held that the right of such street railway to cross over the tracks of a steam railway laid on such street is subject to no conditions other than those to which the general public is subject in traveling over such streets.'' While such company's cars may be propelled by electricity, its right to use the street and cross the track of a railway company without the consent and against its will is no longer an open question. *Pittsburgh, etc. R. Co.* v. *Muncie, etc., Traction Co.* (1910), 174 Ind. 167, 91 N. E. 600, and cases cited; *Michigan Cent. R. Co.* v. *Hammond, etc., Electric R. Co.* (1908), 42 Ind. App. 66, 83 N. E. 650; *Pittsburgh, etc., R. Co.* v. *Browning* (1904), 34 Ind. App. 90, 71 N. E. 227; *Evansville, etc., Traction Co.* v. *Evansville Belt R. Co.* (1909), 44 Ind. App. 155, 87 N. E. 21.

When appellant constructed its road across Walnut street, it must be assumed that it did so with the understanding "that a street or interurban railroad might thereafter be lawfully located upon said highway and across the track at that point.'' *South East, etc., R. Co.* v. *Evansville, etc., R. Co.* (1907), 169 Ind. 339, 82 N. E. 765, 13 L. R. A. (N. S.) 916, 14 Ann. Cas. 214. Hence priority in the location of tracks has nothing to do with the right to cross, for the reason that both companies in the use of the street are on equal terms, except that the steam road has the right of way on giving due notice of its purpose so to do. *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612. But the kind and character of the crossing, materials, appliances and equipment to be used in its construction or maintenance, are the proper subjects of contract. *Evansville, etc., Traction Co.* v. *Evansville Belt R. Co., supra.* This is so, for the reason that the companies owning such intersecting lines are charged with certain duties relative to the safety of the street from defects occasioned by such crossing, and the rights and duties of each with reference

thereto, as between themselves, may be specifically defined by contract.

In the case last cited the court, in speaking of a contract in some respects similar to the one before us, held that it was not void for want of consideration. But it must be kept in mind that the court then was considering the right of the companies owning such intersecting lines, and charged with the highest duty to guard and protect their passengers and servants operating their cars and trains, as well as their property, from the increased hazard of such crossing, and not the public generally intending to cross the tracks, which it is the purpose of the ordinance to protect by requiring a watchman. These considerations lead us to conclude that the complaint in this case does not state facts sufficient to constitute a cause of action.

The judgment is therefore affirmed.

Note.—Reported in 99 N. E. 1018. See, also, under (1) 9 Cyc. 309; (2) 9 Cyc. 311; (4) 33 Cyc. 242; 36 Cyc. 1419; (5) 33 Cyc. 240, 242; (6) 33 Cyc. 240; (7) 33 Cyc. 243. As to failure of consideration as a defense in an action on contract, see 13 Am. Dec. 378. As to moral obligation as consideration to uphold an express promise, see 39 Am. St. 735. As to street railways as additional servitude, see note to *Mordhurst* v. *Ft. Wayne, etc., Co.* (Ind.) 106 Am. St. 242.