## Union Traction Company of Indiana v. Ross, Receiver.

### [No. 10,116. Filed November 26, 1919.]

1. PLEADING.—*Conclusions.—Legal Effect of Facts Pleaded.*—A conclusion of the pleader as to the legal effect of transactions before stated adds nothing to the pleading. p. 475.

2. RAILROADS.—*Street Railroads.—Crossings.—Maintenance Contracts.—Privity.—Consideration.—Statutory Rights and Duties.*—A contract between a railroad and a street railroad for a crossing in a city street, whereby the owner of the street railroad agreed to maintain such crossing at its own expense and to the approval of the railroad, is not enforceable when pleaded in an action between successors in ownership of the two roads to recover the cost of repairs made by the railroad to the street crossing involved unless facts be pleaded showing privity of contract or of estate on the part of the defendant with the contracting owner of the street railroad company, nor where the facts pleaded show that the promise of maintenance in the contract was without any sufficient consideration and, under such circumstances §§5676, 5677 Burns 1914, Acts 1901 p. 461, fixed the rights and duties of the parties. p. 475.

3. RAILROADS.—*Street Railroads.—Crossings.—Maintenance.—Conclusions of Law.*—A conclusion of law awarding to a railroad the full amount of its expense in repairing a street railroad crossing is erroneous, in view of the provisions of §§5676, 5677 Burns 1914, Acts 1901 p. 461. p. 477.

From Grant Circuit Court; *J. F. Charles,* Judge.

Action by Walter L. Ross, as receiver of the Toledo, St. Louis and Western Railroad Company, against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*J. A. VanOsdol,* for appellant.

*Geddes VanBrunt* and *C. A. Schmettau,* for appellee.

ENLOE, J.—This was an action by appellee, as receiver of the Toledo, St. Louis and Western Railroad Company, to recover the cost of certain repairs made to certain street crossings, therein mentioned. The action was based upon three certain contracts concerning the maintenance of the crossings which it was alleged had been repaired, which said contracts had been entered into by and between former owners of said roads, and to which ownership the parties hereto were severally the successors.

One of said contracts related to the crossing of the tracks of said parties on Railroad avenue, Marion; another to the crossing on South Washington street, Marion; and the other to the crossings at Wabash street and at Kentucky street, in the city of Kokomo. The complaint was in three paragraphs, each founded upon one of the above-mentioned contracts. In each of said contracts the street railroad company had agreed in substance that it would thereafter at all times keep and maintain, at its own expense, said crossings and renewals thereof, to the approval of the party of the first part—the steam road. The contracts are very similar to those upon which the action was founded in cases of *Evansville, etc., Traction Co.* v. *Evansville Belt R. Co.* (1909), 44 Ind. App. 155, 87 N. E. 21; *Baltimore, etc., R. Co.* v. *Cincinnati, etc., R. Co.* (1913), 52 Ind. App. 639, 99 N. E. 1018; and *Vandalia R. Co.* v. *Fort Wayne, etc., Traction Co.* (1918), 68 Ind. App. 120, 118 N. E. 839.

Two of the contracts were made prior to the act of 1901 (Acts 1901 p. 461, §§5676-5677 Burns 1914) and one was made subsequently to the taking effect of said act.

To each of said paragraphs of complaint a demur-

rer was interposed with memorandum as required by statute, which demurrer was by the court overruled, and appellant then answered said complaint in four paragraphs, to each of which, except the first, the same being a general denial, a demurrer was sustained.

There was a trial by the court, which, upon request, made a special finding of the facts and stated its conclusions of law thereon, favorable to appellee, to which appellant duly excepted, and judgment was rendered accordingly.

Appellant then moved the court to modify the judgment, and, this motion being overruled, it filed its motion for a new trial, which was also overruled, and it now prosecutes this appeal.

The errors relied upon for a reversal are: (1) Error in overruling demurrer to complaint; (2) error in conclusions of law; (3) error in overruling motion to modify judgment; (4) error in overruling motion for new trial.

The alleged deficiencies in the several paragraphs of complaint, as stated in the memorandum filed with said demurrer, were: (1) The facts stated show no privity of contract between the parties thereto; (2) the facts stated show there was no consideration to support the promise sued on; and (3) the obligations of the parties in the matter in question are fixed by statute.

The language of the first paragraph of the complaint herein, whereby it was sought to charge appellant as being in privity with said contract sued 1-2. on, is as follows: "Plaintiff says that the defendant herein has, since the execution of said contract, by purchase and consolidation, ac-

quired all the rights, franchises, and property of said Marion Street Railroad Company, and thereby assumed and is now bound by all its contracts and obligations including the contract aforesaid.''

The same averment as to privity is found in each of the other paragraphs of complaint.

In the case of *Evansville, etc., Traction Co.* v. *Evansville Belt R. Co., supra,* it was said: ''The appellant, however, was not a party to the contract, and the obligations of a contract are ordinarily limited to the parties by whom they are made, and those who stand in privity with them, either in estate or contract. * * * And unless it is shown by the facts pleaded that the appellant is in privity of contract or privity of estate with the street railroad company, whose stipulation is sought to be enforced against it, or there is some equitable ground upon which appellant can be held bound to perform the stipulation, the appellee is not entitled to recover.''

The averment in each paragraph of the complaint, ''and thereby assumed and is now bound,'' etc., is a mere conclusion of the pleader, as to the legal effect of the transactions before stated, and adds nothing to the pleading. *Central Bank, etc.* v. *Martin* (1919), 70 Ind. App. 387, 121 N. E. 57; *Mackey* v. *Lafayette, etc., Trust Co.* (1919), 70 Ind. App. 59, 121 N. E. 682. There was no sufficient averment of privity.

The facts, as pleaded, also show that the promises in question sued on were without any sufficient consideration, and therefore not enforceable and, under the circumstances and conditions pleaded, the statute fixed their rights and duties. *Baltimore, etc., R. Co.* v. *Cincinnati, etc., R. Co., supra; Vandalia R. Co.* v. *Fort Wayne, etc., Traction Co., supra.*

It is next urged that the court erred in its conclusions of law upon the facts found. The court found that the appellee had made repairs to the several crossings in question in and to the amount of $58.18, and stated as its conclusion of law that appellee was entitled to recover this sum from the appellant, and rendered judgment accordingly. The statute before cited makes it the duty of each railroad to keep in a safe condition and repair its own track at crossings, and appellant, at most, could only be liable for the repairs made on its own track, and for one-half of the cost of repairs to the crossing made as repairs to the street or highway. The court erred in its conclusion of law.

Appellant also insists that the court erred in overruling its motion to modify the judgment, but, as the judgment must follow the conclusions of law, the court did not err in overruling said motion.

For the errors above indicated, this cause is reversed and remanded, with directions to the trial court to set aside the judgment rendered herein, to sustain the demurrer to the complaint, and for further proceedings.