## TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* ROSS, RECEIVER.

[No. 11,395. Filed February 14, 1923. Rehearing denied May 10, 1923. Transfer denied June 4, 1926.]

1. STREET RAILROADS.—*Statute makes it the absolute duty of each company to keep its own track in repair at a grade crossing of street railroad and another railroad.*—Whenever a street car track crosses that of a railroad at grade, §13277 Burns 1926, §5677 Burns 1914, makes it the absolute duty of each company to keep its own track in repair so as, at all times, to provide a ready, safe and convenient crossing. p. 700.

2. STREET RAILROADS.—*Duty imposed by statute on each railroad to keep its own track in repair is to the public, and cannot be avoided by contract.*—The duty imposed by §13277 Burns 1926, §5677 Burns 1914, on each railroad to keep its own track in repair at a crossing of another railroad is one owed to the public, and it cannot be avoided by contract; any contract between the railroad companies purporting to relieve one of them from this duty is contrary to public policy and void. p. 700.

3. STREET RAILROADS.—*Contract between street railroad company and a railroad company to keep a crossing in repair was void.*—A contract between a street railroad company and a railroad company whereby the latter granted the former permission to cross its tracks, in consideration of which, the street railroad company agreed to pay all the expense of any renewals of the crossing and the expense of maintaining and keeping the crossing in proper repair, was void as against public policy and also because of want of consideration, since under §§13276, 13277 Burns 1926, §§5676, 5677 Burns 1914, the street railroad company had the statutory right to cross the railroad, and it was the absolute duty of each company to keep its own track in repair. p. 703.

From Clinton Circuit Court; *Earl B. Stroup,* Judge.

Action by Walter L. Ross as receiver of the Toledo, St. Louis and Western Railroad Company against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the second division.

*Harry C. Sheridan, D. E. Watson* and *W. H. Latta,* for appellant.

*VanBrunt & Harker* and *Brown, Geddes, Schmettau & Williams,* for appellee.

McMAHAN, J.—Action by appellee to recover from appellant the entire cost of renewing a certain highway crossing where the tracks of said companies cross each other in the city of Frankfort. The Indianapolis and Northwestern Traction Company and the Toledo, St. Louis and Western Railroad Company, of which the appellee is receiver, entered into a contract in June, 1903,

wherein the railroad company agreed that, in consideration of the promises and agreements therein made by the traction company, the latter might construct and operate its track across the track of the railroad company. This contract provided that the traction company should construct the crossing; that thereafter the railroad should keep it in repair, make necessary renewals from time to time and make bills against the traction company for all expenses, which the latter company agreed to pay. There is a statement in this contract to the effect that all the agreements and promises made by the traction company were made in consideration of the railroad granting the traction company the right to cross the railroad at the street crossing mentioned in the contract. Appellant, by purchase and consolidation, acquired all the rights and property of the Indianapolis and Northwestern Traction Company and agreed to and did assume all the obligations of said Indianapolis and Northwestern Traction Company.

Appellant paid one-half of the cost of renewing the crossing in question, and contends that, since the traction company had the right under the law to cross the railroad company's track at the crossing in question, the contract is void for want of consideration. If the only consideration received by the traction company was the right to cross the track of the railroad, appellant's contention must prevail. *Evansville, etc., Traction Co.* v. *Evansville, etc., R. Co.* (1909), 44 Ind. App. 155; *Baltimore, etc., R. Co.* v. *Cincinnati, etc., R. Co.* (1912), 52 Ind. App. 639; *Vandalia R. Co.* v. *Ft. Wayne, etc., Traction Co.* (1918), 68 Ind. App. 120, 118 N. E. 839; *Union Traction Co.* v. *Ross, Rec.* (1919), 71 Ind. App. 473, 125 N. E. 72.

Section 5676 Burns 1914, enacted in 1901, provides that the company owning the road last constructed shall

700    APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Ross, Rec.—84 Ind. App. 697.

bear the whole expense of constructing the cross-
1, 2. ing, unless otherwise agreed to between the
companies.   This is a clear recognition of the
right of the interested parties to contract relative to
the cost of constructing the crossing.   Section 13277
Burns 1926, §5677 Burns 1914, however, makes it the
absolute duty of each company to maintain and keep
its own track in repair so as, at all times, to provide
a ready, safe and convenient crossing.   This is a duty
which the companies not only owe to each other, but it
is a duty they owe to the public.   It is a duty which
cannot be avoided by contract, and any contract in rela-
tion to the making of such repairs which would relieve
either of the companies from the duty of inspecting and
determining when repairs are necessary, or from mak-
ing such repairs, or from paying for such repairs as
under the statute it is the duty of such company to
make, would be against the spirit of the statute and void
as against public policy.

These sections are, in substance, the same as §§12953,
12954 Burns 1926, §§5222, 5223 Burns 1914, which re-
late to railroads instead of street railroads, and prior
to the enactment of §§13276, 13277 Burns 1926, §§5676,
5677 Burns 1914, the Supreme Court, in *Indiana, etc.,
R. Co.* v. *Barnhart* (1888), 115 Ind. 399, 410, referring
to §§12953, 12954, *supra,* said it was the intention of
the act, "that all railroad companies interested in cross-
ings should be required to co-operate in maintaining
and keeping such crossings in proper repair."

It is evident that the legislature in enacting the stat-
ute relative to the construction and maintenance of
street railroad crossings did so with full knowledge of
said §§12953, 12954 and the decision of the court in
*Indiana, etc., R. Co.* v. *Barnhart, supra,* and that it was
the intention of the legislature that in all cases where
the statute is applicable, the street railroad and the

railroad should be required to co-operate in maintaining such crossings, and should be jointly liable for any injury resulting from a neglect to observe such statute.

In the Vandalia case, the contract required the traction company to construct and maintain, at its own expense, the crossing in question and on the trial, it was agreed there was no consideration for the contract other than the right to cross. It was there held that the contract was against public policy and also that it was not based on any valid consideration, as the right to cross was given by law. In discussing the question of public policy, the court said: "The public has a vital interest in the proper maintenance of crossings of the kind involved in this controversy. The safety of persons transported over the crossings by such common carriers, and likewise the safety of other persons who use the street and pass over the crossings, is involved. The subject falls within the police powers of the state and is an appropriate field for legislative enactment. The statutes, *supra*, in effect declare the public policy of the state to be against leaving open to contract, speculation, or controversy, the question of who shall make necessary repairs to such crossings, or when they shall be made, and by such legislative enactment declares the policy of the state to be that the duty of maintaining and keeping in repair its own track at such crossing shall rest upon each company respectively, 'so as at all times to provide a ready, safe and convenient crossing for all locomotives, trains or cars passing on either road at such point.'"

The court, in deciding the Union Traction case, after stating that the contracts then under consideration were very similar to the one in each of the other cases above cited, said: "The facts, as pleaded, also show that the promises in question sued on were without consideration, and therefore not enforceable, and, under the cir-

cumstances and conditions pleaded, the statute fixed their rights and duties."

An examination of the record in that case shows that one of the contracts involved recited that the traction company was given the right to cross the railroad on condition that the traction company should construct the crossing, subject to the supervision and approval of the superintendent of roadway of the railroad, and described plan of construction. It also provided that the traction company should keep the crossing in repair, and, in case of its failure so to do, the railroad, after ten days' notice, might make the repairs, the traction company agreeing to pay the railroad for all money expended in making such repairs. The traction company having failed to make the repairs, the railroad made them and brought suit to recover the entire cost of the repairs from the traction company, and it was held that the agreement of the traction company to pay the whole cost of repairing the crossing was without consideration and not enforceable, the court saying, the statute "makes it the duty of each railroad to keep in a safe condition and repair its own track at crossings, and appellant, [traction company], at most, could only be liable for the repairs made on its own track, and for one-half of the cost of repairs to the crossing made as repairs to the street or highway."

Appellee contends that the contract in the instant case is unlike those involved in the cases cited, since the contract now under consideration provides, "The first party [railroad] to keep said crossing in good repair and make such renewals from time to time as may be necessary * * *, and the said second party [traction company] agrees that it will promptly * * * pay to the first party all expenses incident to the proper maintenance and renewal of the same * * *." In support of this contention, appellee says

that, in the instant case, the railroad was to do all the work and the traction company to pay all the expenses; that the railroad was to take the responsibility of deciding when repairs were needed, provide the inspection, supervision of repairs, as well as the labor and materials, and that the traction company was to bear the expense; that the traction company was relieved from the duty of inspection, supervision, expense and duty of furnishing tools and labor to do the work, and that, by the contract, the railroad was required to assume these burdens. It is argued that this shows a consideration for the agreement on the part of the traction company to pay not only the expense of keeping its track in repair but also to pay the railroad for keeping the latter company's track in repair. The only consideration moving to the traction company when the parties entered into the contract was the right to cross the railroad. This was the understanding of the parties at that time, and is clearly expressed in the contract, wherein it is stated that, "All of the agreements and promises hereinbefore entered into by the second party [traction company] were made and entered into in consideration of the grants hereinbefore made to it by the party of the first part." The promise of the traction company to pay the entire cost of repairs and renewals was one of the promises included in that part of the contract just quoted, and the only grant to it by the railroad was of the right to cross the latter company's track. The cases cited above are controlling on this appeal and force a reversal of the judgment.

We hold that, under the law, the traction company had the right to cross the track of the railroad, that there was no consideration for the agreement on 3. its part to pay the whole expense of maintaining the crossing, and that such contract was against public policy.

704    APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Ross, Rec.—84 Ind. App. 697.

Judgment reversed, with directions to sustain the demurrer to the complaint and for further proceedings consistent with this opinion.

## ON PETITION FOR REHEARING.

McMAHAN, J.—Appellee, in support of its petition for a rehearing, contends that the cases cited in the main opinion are not in point and throw little light on the questions involved in this appeal, since in none of them was the railroad obligated to renew the crossing, as was required by the contract in the instant case. It is true that in none of the contracts involved in the cases cited was the railroad required to renew the crossing and that all of them provided that the traction company should, at its own expense, maintain and renew the crossing. But in *Union Traction Co.* v. *Ross, Rec.* (1919), 71 Ind. App. 473, 125 N. E. 72, the traction company failed to renew the crossing and the railroad company, having renewed it, undertook to collect the entire cost from the traction company. The contract in that case provided that the traction company should renew the crossing at its own expense, and if it failed to do so, the railroad, after ten days' notice to the traction company, was authorized to renew the crossing, the traction company agreeing to pay the railroad the cost of such renewal. It was there held that the railroad was only entitled to recover an amount equal to one-half the cost of renewing the crossing and that the contract requiring the traction company to pay the entire cost was without consideration.

The Supreme Court, in *Pittsburgh, etc., R. Co.* v. *Ft. Wayne, etc., Traction Co.* (1923), 193 Ind. 405, 138 N. E. 759, where the contract, like the one in the instant case, required the railroad to construct the original crossing and to thereafter maintain and renew the same, the traction company agreeing to pay the rail-

road the entire cost of the renewal, held that the traction company, having renewed the crossing, was entitled to recover one-half the cost of renewing the crossing from the railroad.

The consideration for appellant's promise to pay the entire cost of the maintenance and renewal of the crossing was the grant by the appellee of the right to cross appellee's railroad tracks.

Rehearing denied.