ROSS, RECEIVER, *v.* TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY.

[No. 14,119.   Filed December 16, 1930.]

*Harker & Irwin* and *W. A. Eversman,* for appellant.
*Earl F. Gruber* and *D. E. Watson,* for appellee.

PER CURIAM.—This is an action by Walter L. Ross, as receiver of the Toledo, St. Louis and Western Railroad Company, against the Terre Haute, Indianapolis and Eastern Traction Company upon a written contract to recover the entire cost of renewing a certain highway crossing where the tracks of said companies cross each other in the city of Frankfort. This is the second appeal in this cause. See *Terre Haute, etc., Co.* v. *Ross, Rec.* (1923), 84 Ind. App. 697, 138 N. E. 90, 139 N. E. 295. On the first appeal, wherein appellee in this appeal was appellant, the judgment was reversed, with direction to sustain the demurrer to the complaint. The complaint was later amended, and a demurrer thereto sustained. From this ruling the plaintiff appealed.

Appellee insists this appeal is controlled by the law of the case as decided on the first appeal, while appellant insists that rule is not decisive of this appeal. In support of his contention, appellant says this is an appeal from the action of the court in sustaining a demurrer to an amended complaint which, he says, alleges facts in addition to those alleged in the original complaint, thus presenting issues and questions not presented on the former appeal.

The contract in question, after reciting the desire of appellee to cross the tracks of the railroad at the intersection of certain streets in the city of Frankfort, states "that, in consideration of the promises and agreements hereinafter" made by the traction company and the payment of one dollar to the railroad company, it is hereby stipulated "that the second party (the traction company), may construct and operate" its single-track

railway across and over the tracks of the railroad company upon the following conditions: . That the traction company should maintain the crossing at its own cost, and furnish and place all rails, crossing frogs, the connections between and to the intersecting tracks and all timbers to support the frogs and connections between the tracks, bedded and ballasted acceptable to the railroad. The railroad to thereafter keep the crossing in repair and make such renewals thereof from time to time as might be necessary, as determined by the roadmaster of the railroad, the traction company agreeing to pay all expense incident to the proper maintenance and renewal which might be incurred by the railroad company. The contract, after describing the crossing frogs to be furnished, stated that it was agreed that, if additional tracks were laid, the traction company was to provide, at its own expense, the additional crossing frogs, the same to be maintained by the railroad company according to the provisions relating to the maintenance and repair of the first-crossing frogs. The traction company also agreed to keep the crossing in good repair between its tracks and. for a space of not less than two feet in width on each side of its tracks across the right of way of the railroad, and to plank and pave the same when required by the local authorities, and to build, construct and forever maintain and operate, at its own expense, a derailing device subject to the approval of the railroad company. If the traction company failed to comply with any of the covenants or conditions of the contract, the agreement might be terminated on 90 days' notice, after which the contract was to be null and void and the railroad company was given the right to take up and remove the crossing. In consideration of the agreement, the traction company waived the right to make any other crossing except upon the above terms and conditions. This contract is quite lengthy. It requires nearly five pages of the printed

brief to set out its terms and conditions, but, after setting out the terms, conditions and the promises of each party, it finally states: "All of the agreements and promises hereinbefore entered into by the second party were made and entered into in consideration of the grants hereinbefore made to it by the first party."

The original complaint and the amended complaint are, in substance, the same. The only difference between the two complaints is that the amended complaint describes in detail the construction of the crossing and alleges that the crossing is of such a character that it is impossible for either company to repair and maintain any separate part thereof; that neither party can repair or maintain its tracks at the crossing without at the same time repairing the tracks of the other party; and "that, pursuant to said contract and in the performance thereof, this plaintiff furnished and performed continuous inspection of said crossing and that, in the maintenance and repair thereof, this plaintiff furnished all supervision necessary therefor, such inspection and supervision having been furnished for the sole consideration under the terms of said contract that said defendant should pay the labor and material costs of said maintenance."

The description of the crossing as set out in the amended complaint is identical with the description of the crossing as alleged in the complaint in *New Jersey, etc., R. Co.* v. *New York Central R. Co.* (1925), 89 Ind. App. 205, 146 N. E. 111, and was evidently copied from that complaint for the purpose of bringing the facts of the instant case within the holding of that case.

Appellant says the consideration stated in the contract, being by way of recital and not being contractual, can be varied, added to or contradicted. We cannot agree with this contention. The consideration stated in the contract is contractual, and, being contractual, controls any allegation in the com-

plaint to the contrary. *Friedman* v. *Citizens, etc., Water Co.* (1925), 82 Ind. App. 667, 147 N. E. 294. See, also, *Wellmaker* v. *Wheatley* (1905), 123 Ga. 201, 51 S. E. 436; *Milich* v. *Armour Packing Co.* (1899), 60 Kans. 229, 56 Pac. 1; *Culbertson* v. *Young* (1900), 86 Mo. App. 277; *Harding* v. *Robinson* (1917), 175 Cal. 534, 166 Pac. 808. Appellant's attempt to allege and set up a consideration different from that expressed in the contract cannot prevail. *New Jersey, etc., R. Co.* v. *New York Central R. Co., supra,* is not in point. The crossing in that case was not in a street as in the instant case where the traction company had the absolute right to cross. The holding of this court on the former appeal is the law of this case and controls.

Affirmed.