ZimmeemaN, J.
Prior to 1951, the allowance of alimony and the division of property in divorce actions were governed by Sections 11990 to 11993, inclusive, General Code, which limited *435 the court rather strictly in the disposition of such matters. The exercise of general equity powers was unauthorized.
Under these sections it was held that an award of alimony payable in future installments at specified intervals, being a personal obligation, abated upon the death of the party charged. Graff, Exrx., v. Graff, 99 Ohio St., 448, 125 N. E., 72, and Snouffer v. Snouffer, 132 Ohio St., 617, 9 N. E. (2d), 621.
However, an award to the wife of a share of the husband’s property under the provisions of Section 5700, Revised Statutes, later Section 11993, General Code, payable in regular installments over a prescribed period and based upon an agreement of the parties carried into the judgment, did not terminate upon the death of the husband but continued as an obligation against his estate after his death. Hassaurek v. Markbreit, Admr., 68 Ohio St., 554, 67 N. E., 1066.
By the statutes referred to and the decisions thereunder, a property settlement entered into between the parties and incorporated in the judgment became an enforceable vested right, whereas an allowance of alimony by court decree alone payable in future installments created no vested rights until the payments became due; and the death of the one charged with making such payments ended any future obligation in that respect.
By two amendments to the divorce and alimony statutes, effective in 1951, the General Assembly radically changed the situation theretofore existing.
One amendment now incorporated in Section 3105.18, Revised Code (Sections 8003-17 and 8003-19, General Code, effective August 28, 1951), empowers the Court of Common Pleas to “allow such alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either at the time of the decree,” and ‘ ‘ such alimony may be allowed in real or personal property, or both, or by decreeing either such sum of money payable in gross or by installments, as the court deems equitable.”
Eliminated completely is any reference to “aggression” on the part of either husband or wife.
The other amendment, presently found in Section 3105.20, Revised Code (Section 8003-21, General Code, effective August 28, 1951), explicitly states:
*436 “In any matter concerning domestic relations, the Court of Common Pleas shall not he deemed to he deprived of its full equity powers and jurisdiction.”
These amendments removed the limitations on the powers of the court in alimony and division of property matters in divorce proceedings which had previously existed, and their effect is to permit the court a free and full exercise of its general equity powers to adjust property rights between opposing spouses as it determines will serve the ends of justice. Whether in the judgment such adjustment is called “alimony” or “division of property” is not important.
Although they did not involve the precise problem presented in the instant case, the following recently decided cases discussed and applied the amended statutes and lend strong support to the position taken in the present ease. See Clark v. Clark, 165 Ohio St., 457, 136 N. E. (2d), 52; and Gage v. Gage, 165 Ohio St., 462, 136 N. E. (2d), 56.
Our conclusion is that in the divorce action between Mike DeMilo and Mary DeMilo, the appellant herein, the court possessed the power and jurisdiction, by virtue of the statutory amendments, to render the judgment it did with respect to alimony, and that such judgment operates to bind the estate of Mike DeMilo in accordance with its terms.
The motivations and considerations which prompted the court in rendering its judgment in the divorce action are of no present concern. Had Mike DeMilo been dissatisfied with that adjudication as it related to alimony, the opportunity was his to appeal the matter to the Court of Appeals, which he did not do.
For the reasons stated, the judgment of the Court of Appeals is reversed as contrary to law, and final judgment is rendered for the appellant in the sum agreed upon as the commuted amount of the unpaid balance of the monthly installments under the judgment in the divorce action.

Judgment reversed.

WeygaNdt, C. J., Stewart, Bell, Taet, Matthias and Herbert, JJ., concur.